This is a divorce case.
The wife appeals from an order of the Talladega Circuit Court which divided all the property, including a business, equally between the husband and wife. We reverse and remand.
The husband and wife married in 1949, and separated in 1981. They have one son.
For approximately the last ten years, the husband, wife and son have been involved in the operation of Adderhold Bait and Tackle Company, a fishing tackle and bait business.
In August, 1981, the wife filed for a divorce. In her complaint, she averred that she and her son were partners in the bait and tackle business.
In May, 1982, following a hearing, a judgment of divorce was entered. In the order, the trial court found that:
 "[The son] has been involved in operating their bait supply operation and they have been very generous toward him. There is insufficient evidence to show his interest as a business partner. . . . The court believes *Page 458 
that all the other property should be divided equally between the Plaintiff [wife] and Defendant [husband] and the Court has made every effort to do so."
Although the primary issue on appeal is whether the trial judge abused his discretion in the property settlement, we must first address a threshold matter raised by the husband. He contends the wife may not appeal because, due to certain procedural actions, she is appealing, in effect, from a consent judgment.
The record before this court and the briefs reveal the following sequence of events regarding the issue at hand.
The wife requested a new trial. However, no written motion was filed nor do the grounds for the motion appear in the record. The trial judge granted a new trial. Thereafter, the wife requested that the action granting a new trial be set aside and the original judgment be reinstated. The trial court did "reinstate" the judgment.
As indicated, the husband contends the wife cannot now, in view of the above, appeal. The husband through able counsel relies on Sayre v. Dickerson, 278 Ala. 477, 179 So.2d 57
(1965); McKinley v. McKinley, 277 Ala. 471, 172 So.2d 35
(1965); M.L. Blumenfeld Co. v. Hamrick, 18 Ala. App. 317,91 So. 914 (1921). Each case in essence relies on the principle of law that a party can take nothing by appeal from a judgment, order or decree rendered at his request.
However, each of the cited cases is distinguishable from the instant appeal in that such cases envision a consent judgment, order or decree rendered at the request of the party. McKinleyv. McKinley, supra. Here, the underlying judgment is not a consent judgment but in fact was "hotly" litigated.
While the actions as outlined above are rather unusual and the reasons behind the actions are not entirely clear, this court is not prepared in this case to hold the wife is precluded from appealing from the underlying judgment.
We particularly note that there is nothing in the record to indicate any action that appears to have misled the learned trial judge. Furthermore, in a nonjury trial such as we have in the instant case, it is not a prerequisite that a new trial motion be filed prior to appeal. Securitronics of America v.Bruno's, 414 So.2d 950 (Ala. 1982).
We additionally note it is the policy of this court to reach the merits of appeal whenever possible. We take that course in this instance.
The dispositive issue on appeal is whether the trial court abused its discretion in finding, in effect, that the husband was a partner, while finding specifically the son was not, and thereby dividing the property of the business between the husband and wife to the exclusion of a possible third partner, the son.
The wife contends the trial court erred in finding the husband was a partner in the business. Although the divorce decree did not specifically find the husband was a partner, in this instance, the equal division of property including the assets of the business imply such a finding.
During the trial, the wife testified the husband was not a partner at the time of their separation because he abandoned the partnership. The husband testified he was a partner, and had not abandoned the business.
There was no written agreement concerning a partnership between either of the parties, or their son. Where there is no written agreement between the parties, and the question is whether as between the two a partnership existed, the question is one of part law and part fact. Bailey v. Bailey,345 So.2d 304 (Ala.Civ.App. 1977). Where there is a conflict of evidence, the ore tenus rule applies in partnership cases as in all others. Bailey v. Bailey, supra. On appeal, the circuit court's judgment can only be disturbed if it is so unsupported by the evidence as to be clearly unjust and palpably wrong. Coffelt v.Coffelt, 390 So.2d 652 (Ala.Civ.App. 1980). *Page 459 
In the instant case, the wife testified the husband was a partner at least in the beginning; the lease for the business's store is signed by the husband; testimony by witnesses indicated the husband continued to do mechanical work on the trucks of the business well past the time the wife alleges he abandoned the business; and the husband was, prior to the separation, allowed to withdraw money from the business's bank account. Such factors are indicia of a partnership relationship in the instant case. We cannot say the trial court erred in impliedly finding the husband was a partner in the business.
However, the question of whether the son was a partner in the business is a different matter, requiring a closer examination of the laws of partnership.
Alabama has adopted the Uniform Partnership Act, codified at Ala. Code § 10-8-1 to § 10-8-103 (1975). Under the Alabama Partnership Act, a partnership is defined as an "association of two or more persons to carry on as co-owners a business for profit." § 10-8-2 (7). Actual co-ownership of property is not generally held a condition of a partnership, 59 Am.Jur.,Partnerships § 45 (1971), but rather a community of interest which includes the right to manage and control the business. 59 Am.Jur., Partnerships §§ 42-44 (1971).
The Alabama Partnership Act in § 10-8-20 provides guidance for determination of whether a partnership exists. Among the criteria tested in that section is the provision that "receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business. . . ." Ala. Code § 10-8-20 (4) (1975). However, this presumption does not arise where such a share is received in payment of a debt, as wages, rent, as an annuity to a widow or representative of a deceased partner, as interest or payment on a loan, or as consideration for the sale of good will of a business. Ala. Code § 10-8-20 (4)(a)-(e) (1975).
Both testimony and documented evidence were presented at trial that the son received shares in the profits. No one disputed this at the trial; nor did anyone claim he received the shares of the profit as wages, repayment of a loan, or any of the other listed exceptions. This presumption of a partnership relation between the son and his mother was not rebutted at trial.
Another critical factor in determining whether a partnership relationship exists is the existence of a legally binding obligation to share in the losses of the business. Ala. Code § 10-8-52 (1975); Bailey v. Bailey, supra; 59 Am.Jur.,Partnerships § 39 (1971). The son testified he shared the losses, and no one disputed his testimony. Furthermore, documented evidence was presented that the son is legally bound to repay certain loans used to purchase assets of the business.
Our supreme court has held that "a partnership arises only from an express or implied agreement among the parties and is never established by implication or operation of law. . . . The surrounding circumstances as well as any express agreement between the parties may evidence the intention of the parties necessary to establish such a relationship." Waters v. UnionBank of Repton, 370 So.2d 957 (Ala. 1979). In the instant case, both the mother and the son testified that they intended to and did enter a partnership agreement as early as 1973. No one disputed this testimony. Furthermore, there was testimony from members of the community who dealt with the business that the son appeared to be a partner, and that he exercised management duties. This testimony was also undisputed.
It is especially difficult to determine if a partnership relationship exists where, as here, there is no written agreement.
 "The courts, both at common law and under the Uniform Act, have recognized that no one fact or circumstance can be taken as a conclusive test, nor is it possible to state any number of facts that would in all cases be decisive of the existence of a partnership relation. In the last analysis there is no arbitrary test for determining the existence of a *Page 460 
partnership, and each case must be decided according to its own peculiar facts."
59 Am.Jur., Partnerships § 39 (1971).
In the instant case, the evidence presented at trial established that the mother and son had the intent to create a partnership; that they considered themselves partners; that they shared both the profits and the losses; and that they shared in the management of the business. See Ala. Code § 10-8-43 (1975).
Certainly, the "surrounding circumstances" indicate a partnership. Waters v. Union Bank of Repton, supra. The mother and son transacted business as a partnership, and testimony indicated they were perceived by those dealing with them as partners. The son signed bank loans with his name plus the designation of D/B/A Adderholt Bail and Tackle Company. Tax returns listing the mother and son as partners were placed in evidence.
Hence, the indicia of a partnership — intent and agreement to be partners, sharing the profits and losses, sharing management and community of interest, surrounding circumstances — have been established in the instant case. We note also that a careful review of the record indicates no evidence or testimony disputing the evidence presented which indicated a partnership existed between the mother and son.
Where evidence has been taken ore tenus, a presumption of correctness attends the trial court's conclusion on issues of fact, and the reviewing court will not disturb the trial court's conclusions unless palpably wrong, without supporting evidence, or manifestly unjust. E.g., Farm Country Homes, Inc.v. Rigsby, 404 So.2d 573 (Ala. 1981); 2A Ala. Digest, Appeal Error § 931 (1). However, the ore tenus presumption of correctness applies only to resolution of conflicts in evidentiary facts, and has no application where facts are undisputed, and it is solely for the appellate court to determine whether the trial court misapplied the law to undisputed facts. Home Indem. Co. v. Reed Equipment Co., Inc.,381 So.2d 45 (Ala. 1980). As previously noted, the question of whether a partnership exists is a question of part law and part fact. Bailey v. Bailey, supra.
Hence, where as here, we have no evidence in the record which supports a finding that the son was not a partner, where the evidence presented that he was a partner is undisputed, and the evidence presented as to his status in the business indicates he is a partner as a matter of law, we must hold the trial court erred in its determination that the son was not a partner. This is especially true in view of the aforementioned statute regarding the prima facie presumption of partnership. Clearly, the trial court could not distribute the partnership property between the husband and wife to the exclusion of the third partner, the son, who was not a party to the suit. Therefore, the trial court erred as a matter of law, and we reverse and remand for proceedings consistent with this opinion.
We note that in view of the above the son would of necessity be required to be a party in any proceeding regarding any disposition of partnership assets.
Other errors urged by the appellant this court finds without merit in that the learned trial judge properly exercised his discretion.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.