Alfred and Luverne Jones appeal from a judgment entered by the Baldwin County Circuit Court which held a deed executed by Sanford and Daisy Lee Jones to be void due to the lack of a valid delivery. We affirm.
The facts of this case are as follows:
Sanford and Daisy Lee Jones had two children, Alfred and Arthur Jones. On December 7, 1981, Sanford and Daisy Lee Jones executed a deed to certain land to Alfred Jones and his wife Luverne Jones. (Actually there were two deeds executed on December 7, 1981, but the validity of the other deed is not questioned in this appeal.) Daisy Lee Jones died on March 3, 1983, and Sanford Jones died on June 13, 1983. The deed from Sanford and Daisy Lee Jones to Alfred and Luverne Jones was not recorded until July 29, 1983.
Arthur Jones filed suit questioning the validity of the December 7, 1981, deed, and on August 2, 1984, the circuit court, sitting without a jury, held the deed void due to the lack of a valid delivery. Alfred and Luverne Jones subsequently filed this appeal.
The single issue for our review is whether the trial court's judgment that the deed was void for lack of a valid delivery was supported by the evidence.
In answering this question, we emphasize that the judgment was rendered by the court, sitting without a jury, and was based upon the pleadings and testimony of Alfred and Arthur Jones. It has long been the rule in Alabama that where conflicting evidence has been presented ore tenus, the trial court's findings are presumed to be correct, and this Court will not disturb the court's judgment based upon those findings *Page 1208 
unless it is clearly erroneous and against the great weight of the evidence. Cherokee Insurance Co. v. Frazier, 406 So.2d 881
(Ala. 1981). Furthermore, we will affirm the trial court's judgment if, under any reasonable aspect of the evidence, there is credible evidence to support the judgment. Cougar Mining Co.v. Mineral Land Mining Consultants, Inc., 392 So.2d 1177
(Ala. 1981). Although there was conflicting testimony concerning the delivery of the deed, we are of the opinion that there was sufficient evidence offered at trial to support the trial court's findings.
Alfred Jones testified at trial that he received two earlier deeds — one dated January 8, 1980, and the other dated May 7, 1980. He testified that he recorded the January 8 deed the following day, and the May 7 deed the same day it was executed and delivered to him. In fact, one of the two deeds executed on December 7, 1981, was recorded by Alfred Jones on December 8, 1981; yet the deed in question, executed on the same day, was not recorded until July 29, 1983, approximately six weeks after the death of Sanford Jones.
There was also testimony adduced at trial that on August 16, 1982, Alfred told Arthur that he had found the deed in their father's trunk. The trunk was located in the bedroom of their father's house, and was used by their father to store his valuable papers.
Alfred testified that Sanford Jones never divested himself of control over the title to the property and could have sold it at any time. Sanford Jones also retained all the incidents of ownership of the property, as he was the one who paid the taxes, collected the rent, and paid for repairs to the property from December 7, 1981, until his death one and one-half years later.
Finally, Alfred testified that he went to an attorney's office on December 7, 1981, and left with one deed, which he read to his family and placed in a drawer with some other deeds. Later, he testified that he had two deeds, but only recorded one of them. He stated that the reason he did not record the deed in question was that his father was still collecting rent on the property.
The trial court had the chance to view the witnesses and observe their demeanor, and after considering all the relevant factors before it, found that there was no valid delivery of the deed. We simply cannot say that the court's finding is clearly erroneous or against the great weight of the evidence in this case. Therefore, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.