HOUSTON, Justice.
Leanne M. Spivey appeals from a judgment entered by the Butler County Circuit Court which held that the accounting method utilized by Kathleen D. Morgan was a reasonable and permissible method for determining the net profit of the farm operation of Forest Homer Morgan, deceased, *1207 for the years 1984, 1985, and 1986. We affirm.
On June 18, 1984, Leanne M. Spivey and her mother, Kathleen D. Morgan, entered into an agreement (hereinafter referred to as “the agreement”) wherein Spivey agreed to dismiss a pending contest of the will of Forest Homer Morgan, deceased. Paragraph (3) of “the agreement” provided that Mrs. Morgan would pay to Spivey one-half of the net profits of the farm operation that Mrs. Morgan inherited under the will of Forest Homer Morgan, deceased, for the calendar years 1984, 1985, and 1986. The agreement did not specify any particular method of accounting to be used in determining the net profit of the farm operation. In February 1985, Mrs. Morgan provided Spivey with an accounting of farm income and expenses for the year 1984. This profit and loss statement reflected a net loss of $11,507.38. William C. Harden, Mrs. Morgan’s accountant, utilized the “estate tax basis or the tax basis” method of accounting to determine the net profit of the farm operation.
Upon receipt of this profit and loss statement, Spivey filed a complaint in the Circuit Court of Butler County, Alabama, alleging, among other things, that the accounting provided by Mrs. Morgan was “prepared by the income tax method of accounting, which is not a generally accepted accounting principle method of determining income as mandated by the American Institute of Certified Public Accountants.” Mrs. Morgan filed an answer and counterclaimed for a determination by the court that the accounting method utilized was an acceptable method for determining net profit under the agreement between Mrs. Morgan and Spivey. The case was tried ore tenus and the trial judge issued an order finding that
“the method of accounting used by the defendant, including her calculation of basis in the property is a reasonable and permissible accounting system and method of determining net profit under the terms of the agreement; that the statement submitted by the defendant to the plaintiff before and during Court constitutes a sufficient and accurate accounting for the calendar year 1984 and that no sum is due to plaintiff for said calendar year under the terms of the agreement; further, that no change of the accounting method heretofore employed by the defendant is necessary for 1985 or subsequent years, although the Court suggests that the defendant utilize a separate bank account for all income and expenditures of the farm operation for transactions occurring after the date of [this] Order in order to avoid confusion or disagreements between the parties and to simplify the accounting for all subsequent years.”
Spivey subsequently filed this appeal.
The sole issue for our review is whether the trial court’s judgment that the “tax method” of accounting was a reasonable and permissible method for determining the net profit of Forest H. Morgan’s farm operation, was supported by the evidence.
In answering this question, we emphasize that this was a nonjury case and that the judgment was based on the pleadings and on the testimony of Kathleen D. Morgan, Leanne M. Spivey, Dennis Cameron, and William C. Harden. It has long been the rule in Alabama that where conflicting evidence has been presented ore tenus, we assume that the trial court’s findings are correct, and its judgment based upon those findings will not be disturbed unless palpably wrong, without any supporting evidence, or manifestly unjust. Jones v. Jones, 470 So.2d 1207 (Ala.1985). Furthermore, we will affirm the trial court’s judgment if, under any reasonable aspect of the evidence, there is credible evidence to support the judgment. Jones, supra. Although there was conflicting testimony regarding the most acceptable method of accounting for determining net profit of the farm operation, we are of the opinion that there was sufficient evidence offered at trial to support the trial court’s finding.
Leanne Spivey concedes that there was no agreement between her and her mother, *1208 Kathleen Morgan, as to the accounting method to be used in determining the net profit of the farm operation. However, Spivey testified at trial that she did assume that generally accepted accounting principles would be used to determine profit and loss.
Dennis Cameron, a C.P.A., testifying for Spivey, was qualified as an expert before the trial court and testified that, in his professional opinion, the profit and loss statement had been prepared based upon the estate tax basis or the tax basis of accounting and for financial statement purposes was not prepared in accordance with generally accepted accounting principles. Mr. Cameron also testified that in order for the profit and loss statement to comply with generally accepted accounting principles the statement would have to be prepared on an accrual basis. However, Mr. Cameron later admitted that he found that small farmers generally use tax basis accounting to prepare their tax returns and also that he was not aware of any of his farmer clients who were utilizing the accrual basis of accounting.
William C. Harden, also a C.P.A., testified that the tax basis method of accounting is, in effect, a modified cash basis form of accounting that is customarily used for farmers. Harden further testified he used this method of accounting in calculating the net profit of the farm operation during Forest H. Morgan’s lifetime. This was the method utilized during the years preceding the agreement between Spivey and Mrs. Morgan. Harden conceded that the tax basis method is a departure from generally accepted accounting principles, but that it is, in his professional opinion, an accepted method of accounting for small farms, such as the one operated by Forest H. Morgan and, after his death, by his estate and widow. Finally, Harden testified that “it would have been almost impossible” to prepare an additional statement on an accrual basis for the calendar year 1984.
The trial court had the opportunity to observe the witnesses and hear their testimony, and, after considering all the relevant factors before it, found that the tax basis method of accounting was a reasonable and permissible method for determining the net profit of the farm operation of Forest H. Morgan, deceased. We have no reason to hold that the court’s finding is clearly erroneous or against the great weight of the evidence in this case. The method of accounting utilized to determine profit and loss was the same method utilized at the time the agreement was executed, and it is reasonable to assume that the same method would be utilized in determining profit and loss in the absence of an agreement specifying a different method of determining the farm’s profit and loss. Therefore, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.