Al Butler, individually and doing business as Silver Farms, filed a complaint in detinue in the Circuit Court of Jackson County against Sterling McCrary, seeking recovery of certain farm machinery and equipment,[1] which McCrary had taken possession of and placed with an auction company for sale. When the trial court set the date for the detinue hearing, it also issued an order for writ of seizure and the Sheriff seized the equipment described in the complaint. Subsequently, General Equipment Company[2] and John Deere Company filed *Page 738 
a petition to intervene, claiming an interest in the equipment. The trial court granted the petition.[3]
After taking testimony ore tenus, the trial court found that Butler and McCrary were operating a partnership or joint venture and that General Equipment had an interest in the equipment.
McCrary appealed. The issues before us are:
(1) Whether the trial court's holding that Butler and McCrary were engaged in a partnership or a joint venture was plainly and palpably erroneous.
(2) Whether the trial court's holding that Butler had actual or apparent authority to act on behalf of the partnership or joint venture, or as an agent of McCrary, was plainly and palpably erroneous.
(3) Whether the trial court abused its discretion in not allowing McCrary to raise the affirmative defense of the Statute of Frauds.
Randy Tubbs, the president and manager of General Equipment, testified that he had known and done business with both Butler and McCrary individually and had introduced them to each other; that they then began to do business as a partnership under the name of Silver Farms; that they, as well as their employees, thereafter purchased equipment, etc., under an open account from General Equipment in the name of Silver Farms, with the statements sent to Butler's mailing address.
Butler testified that he and McCrary had entered into an agreement to conduct business together as a partnership under the name Silver Farms; that he, individually or as Silver Farms, thereafter purchased equipment from General Equipment on an open account; and that, when the open account became too great, they agreed to give General Equipment and John Deere a security interest in the equipment. Butler further testified that he and McCrary had discussed these arrangements with Tubbs and were in full agreement that the transaction be handled accordingly. Consequently, Butler testified that he executed and delivered three security agreements as agreed upon; he also testified that the equipment was not financed in McCrary's name because McCrary's poor credit rating was insufficient to support the assignment of the security interests by General Equipment to John Deere. Furthermore, upon the default on the notes, John Deere reassigned these notes to General Equipment.
McCrary, through an oral answer allowed by the trial court at the commencement of the trial, denied all the material allegations of General Equipment's complaint. McCrary testified that Butler was his employee; that no partnership existed under the name Silver Farms; that Butler had no apparent or actual authority to act on behalf of the alleged partnership or as McCrary's agent; and that at no time did he enter into an agreement with Butler to give General Equipment and John Deere a security interest in the equipment.
The following contentions of the parties were included in the trial court's order:
 "The defendant, Sterling McCrary, claiming an ownership interest in most of the equipment sought by the intervening plaintiff, General Equipment Company, Inc., and denying any indebtedness incurred, the central issue under the complaint in intervention involves whether the plaintiff, Al Butler, individually or doing business as Silver Farms, had the authority, actual or apparent, to incur indebtedness and to execute security interest agreements on behalf of the defendant, Sterling McCrary.
 "General Equipment Company, Inc., the creditor and claimant in intervention, contends that the indebtedness under its open account, and under the notes and security interest agreements are binding upon the defendant, Sterling McCrary, through the actual or apparent authority of Al Butler, plaintiff, to enter into the transactions giving rise to those items of *Page 739 
indebtedness on behalf of Sterling McCrary.
 "Plaintiff, Al Butler, contends that he was in partnership under the name of Silver Farms with the defendant, Sterling McCrary, and that he had such authority. The defendant, Sterling McCrary, contends that the plaintiff, Al Butler, was only an employee and foreman for the defendant, Sterling McCrary, and that he had no authority to enter into the security interest agreements given to John Deere Company and had no authority to incur indebtedness sued upon by General Equipment Company, Inc. on behalf of Sterling McCrary or Silver Farms."
There was substantial conflict in the testimony presented to the trial court, and the existence of a partnership or joint venture was in dispute. The evidence regarding whether a partnership or joint venture existed was presented ore tenus to the trial court. The ore tenus rule is applicable when deciding whether a partnership existed. Adderhold v. Adderhold,426 So.2d 457 (Ala.Civ.App. 1983); Bailey v. Bailey, 345 So.2d 304
(Ala.Civ.App. 1977).
 "Our standard of review where the trial court has heard ore tenus testimony is that we will presume that the trial court's judgment is correct and that it will be reversed only if the judgment is found to be plainly and palpably wrong after a consideration of all of the evidence and after making all inferences that can logically be made from the evidence. Robinson v. Hamilton, 496 So.2d 8 (Ala. 1986)." (Emphasis in original.)
King v. Travelers Insurance Co., 513 So.2d 1023, 1026 (Ala. 1987); see also Moore v. Williams, 519 So.2d 1337 (Ala. 1988);Sims v. Sims, 502 So.2d 722 (Ala. 1987).
There is no arbitrary test as to whether a partnership exists, but such a determination will be made upon all of the attendant circumstances. Adderhold v. Adderhold, supra. A partnership arises only from an express or implied agreement among the parties and is never established by implication or by operation of law. Waters v. Union Bank of Repton, 370 So.2d 957
(Ala. 1979); Adderhold v. Adderhold, supra; see also Ala. Code 1975, § 10-8-20. This Court, in Waters v. Union Bank of Repton, supra, held that "[t]he surrounding circumstances as well as any express agreement between the parties may evidence the intention of the parties necessary to establish such a [partnership] relationship. Hair v. Beall, 274 Ala. 699,151 So.2d 613 (1963)." Id. at 960. The right to manage and control a business is one circumstance to be considered in determining the existence of a partnership relationship. § 10-8-20;Adderhold v. Adderhold, supra.
When a person makes a representation, either by words (spoken or written) or by conduct, that a partnership exists, and a third party relies upon that representation and gives credit to the actual or apparent partnership based upon that representation, he is liable for the debt created. Ala. Code 1975, § 10-8-55(a).
Property is presumed to be partnership property where it is acquired in a partnership name or is purchased with partnership funds, even though the title or other interest is acquired in the name of an individual partner. Ala. Code 1975, § 10-8-70. See Reed v. Crow, 496 So.2d 15 (Ala. 1986); see also BondedBuilders Supply Co. v. Long, 288 Ala. 669, 264 So.2d 518
(1972).
In this case, the trial court concluded, based on a preponderance of the evidence:
 "[A]t all times material to the complaint in intervention, the plaintiff, Al Butler, had both the actual and the apparent authority, as member of a joint venture with Sterling McCrary under the name of Silver Farms, or a partnership with Sterling McCrary under the name of Silver Farms, to incur the indebtedness for which the intervenor, General Equipment Company, Inc., makes claim, and further had both the actual and the apparent authority to execute on behalf of the partnership doing business as Silver Farms, the security interest agreements *Page 740 
and financing statements made to John Deere Company, Inc."
We conclude that the trial court's finding that a partnership or joint venture relationship existed and that Butler had actual or apparent authority to act on behalf of the partnership or joint venture is supported by evidence in the record and is not plainly or palpably erroneous.
The final issue for resolution is whether the trial court abused its discretion in not allowing Butler to plead the Statute of Frauds as an affirmative defense after the trial had commenced. Rule 8(c), Ala.R.Civ.P., requires that an affirmative defense be specially pleaded. Failure to affirmatively set forth a defense required to be affirmatively pleaded constitutes a waiver of the defense. Hayes v. Payne,523 So.2d 333 (Ala. 1987).
 "Once an answer is filed, if an affirmative defense is not pleaded, it is waived. Robinson v. Morse, 352 So.2d 1355, 1356 (Ala. 1977). The defense may be revived if the adverse party offers no objection (Bechtel v. Crown Petroleum Corp., 451 So.2d 793, 796 (Ala. 1984)); or if the party who should have pleaded it is allowed to amend his pleading (Piersol v. ITT Drill Division, Inc., 445 So.2d 559, 561 (Ala. 1984)); or if the defense appears on the face of the complaint (cf., Sims v. Lewis, 374 So.2d 298, 302 (Ala. 1979); and Williams v. McMillan, 352 So.2d 1347, 1349 (Ala. 1977)). See, also, 2A J. Moore, Federal Practice § 8.27[3] at 8-251 (3d ed. 1984)."
Wallace v. Alabama Association of Classified School Employees,463 So.2d 135, 136-37 (Ala. 1984).
In the instant case, the trial court entered a pretrial order, part of which ordered McCrary to file an answer to General Equipment's complaint within 30 days. McCrary filed no answer until the morning of the trial, more than 30 days later, at which time he orally denied the allegations of the complaint. At no time prior to the beginning of trial did McCrary raise the affirmative defense of the Statute of Frauds. However, on the second and concluding day of trial and at the close of General Equipment's case, McCrary, for the first time, sought to raise the Statute of Frauds as an affirmative defense.[4] General Equipment moved to strike this affirmative defense, and the trial court granted General Equipment's motion.
The purpose of a pre-trial hearing is to clarify and simplify the issues to be tried. Rule 16, A.R.Civ.P. The pre-trial order issued at or after the hearing is to control the subsequent course of the action. Although Rule 16 does not preclude amendments subsequent to the pre-trial order, pre-trial orders cannot be effective unless the trial court has the right to disallow amendments to pleadings filed subsequent to the pre-trial conference. Arfor-Brynfield, Inc. v. Huntsville MallAssociates, 479 So.2d 1146 (Ala. 1985). The matter of amendments to pre-trial orders is left to the trial court's sound discretion. Id. From the record before us, we find nothing to indicate that the trial court abused its discretion.
AFFIRMED.
JONES, SHORES, ADAMS and KENNEDY, JJ., concur.
[1] This equipment allegedly belonged to Silver Farms, the alleged partnership of Butler and McCrary.
[2] General Equipment Company is a farm implement dealership that deals primarily in John Deere equipment, selling machinery equipment, parts, and labor upon open account and arranging financing for that equipment through John Deere Company.
[3] Upon motion, John Deere Company was dismissed because it had duly assigned all of its interest to General Equipment.
[4] McCrary claimed that Butler had no authorization in writing that allowed Butler to finance the equipment in question.