MADDOX, Justice.
This is an appeal from a judgment declaring that certain personal expenses incurred and claimed by an administrator, before he was appointed administrator, in conserving, protecting, and enhancing the estate’s value were legal debts of that estate and therefore subject to payment from the assets of that estate during its administration.[1]
Eula Mae Bridges, mother of the administrator, Theodore Bridges (hereinafter “Theodore”), died on November 12, 1971. Ewell Bridges, Theodore’s brother, died on May 24, 1986. At the time of Ewell’s *281 death, he was survived by his wife, Frankie Bridges, and by his two daughters, Dawn Bridges, age 14, and Constance Eulalia Bridges, age 22.
On June 12, 1986, Constance filed a petition in the Probate Court of Lauderdale County for letters of administration upon the estate of her father, which were issued to her on that same day.[2] On July 14, 1986, Theodore filed a petition in the Probate Court of Madison County to probate the will allegedly executed by his mother on January 22, 1970. The guardian ad litem for Dawn Bridges filed an objection to Theodore’s petition to probate his mother’s alleged will, and the probate judge, on August 14, 1986, denied Theodore’s petition to probate the will. On February 3, 1987, Theodore filed a petition in the Probate Court of Madison County for letters of administration upon the estate of his mother, which were issued to him on that same day.
On July 31, 1987, Theodore filed a claim against his mother’s estate in the Probate Court of Madison County for alleged personal expenses incurred by him for the conservation, protection, and enhancement of the estate’s value from November 12, 1971 (the date of Eula Bridges’s death), to February 3, 1987 (the date that letters of administration upon his mother’s estate were issued to Theodore).
On October 17, 1988, Constance and Dawn Bridges, Ewell’s daughters, filed a . petition for removal of the administration of their grandmother’s estate to the Circuit Court of Madison County, and on November 28, 1988, Constance, as administratrix of her father’s estate, filed a notice of contest of the claim filed by her Uncle Theodore. On August 7, 1989, the trial judge issued an order removing the administration of Eula Bridges’s estate to the circuit court, and held a hearing to consider the subject claim filed against that estate. After an ore tenus hearing, the trial judge, on September 25, 1989, entered a judgment granting Theodore’s claim for expenses in the amount of $21,155.44 against the estate of his mother, and made the following findings and conclusions:
“1. That no administration of the Estate was instituted until February 3, 1987;
“2. That, [Theodore] Bridges, individually, expended personal funds and performed personal services to conserve, preserve, and enhance the value of the Estate, from November 12, 1971 (the date of the Decedent’s death), to February 3, 1987 (the date Letters of Administration were issued to [Theodore] Bridges as Administrator of the Estate);
“3. That the services rendered and expenses incurred by [Theodore] Bridges, individually, were of the kind normally required, performed, and made by an administrator;
“4. That the services rendered and expenses incurred by [Theodore] Bridges, individually, were, in all respects, fair, necessary, reasonable and solely to conserve, enhance, improve, preserve and protect the value of the Decedent’s property;
“5. That the services rendered and expenses incurred by [Theodore] Bridges, individually, were for, and inured to, the common benefit of the persons interested in the Estate;
“6, That the only persons interested in the Estate, real and personal, as heirs of the Decedent, and the only persons entitled to share in distribution of the personal assets of the Estate, were [Theodore] Bridges and his brother, Ewell Welles Bridges, now deceased;
“7. That the services rendered and expenses incurred by [Theodore] Bridges, individually, were made with the implied consent of Ewell Welles Bridges, now deceased;
“8. That the only persons, other than [Theodore] Bridges, owning an interest in the Estate, real and personal, at the present time are the heirs-at-law of the said Ewell Welles Bridges, deceased;
*282 “9. That the fair and reasonable value of the services rendered and expenses incurred by [Theodore] Bridges to the persons interested in the Estate, real and personal, was $21,155.44; and
“10. That, under equitable principles, [Theodore] Bridges is entitled to be paid from the Estate, as reimbursement for his services rendered and expenses incurred, the sum of $21,155.44; and
“11. That said sum of $21,155.44 can, and should be, disbursed from the Estate by [Theodore] Bridges, as Administrator of the Estate, to [Theodore] Bridges, individually.”
After the court denied Constance’s motion for new trial or, in the alternative, to alter, amend, or vacate the judgment entered on September 25, 1989, she filed a notice of appeal with this Court.
The standard of review applicable to a trial court’s judgment in a nonjury trial involving findings of facts premised upon oral testimony is set out in Clark v. Albertville Nursing Home, Inc., 545 So.2d 9, 12-13 (Ala.1989), in which this Court stated the following:
“Under the ‘ore tenus rule,’ a presumption of correctness accompanies the trial court’s judgment when it has made findings of fact based on oral testimony without a jury, and its judgment will not be reversed unless it is shown to be plainly and palpably wrong, considering all of the evidence and all inferences that can be logically drawn from the evidence. King v. Travelers Ins. Co., 513 So.2d 1023 (Ala.1987); McCrary v. Butler, 540 So.2d 736 (Ala.1989). The trial court’s judgment in such a case will be affirmed, if, under any reasonable aspect of the testimony, there is credible evidence to support the judgment. McCrary v. Butler, supra; Jones v. Jones, 470 So,2d 1207 (Ala.1985).”
From our review of the record, we conclude that the trial court’s finding that Theodore expended personal funds to conserve, preserve, and enhance the value of his mother’s estate from November 12, 1971, to February 3, 1987, and the trial judge’s conclusion that that expenditure of personal funds by Theodore created a debt of that estate that was subject to payment from the assets of that estate, are supported by the record and that those findings are not plainly and palpably wrong.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.

. If the personal property of an intestate’s estate do not satisfy all of the estate’s debts, then the administrator has a statutory right to sell the real property of that estate, even though legal title to that real property has already vested in the heirs of that estate. See Ala.Code 1975, § 43-2-42 (Cum.Supp.1989).

. Accompanying Constance’s petition was a document executed by Frankie Bridges relinquishing her statutory right to administer the estate of her husband as granted to her by Ala.Code 1975, § 43-2-42.