SHORES, Justice.
The sole issue in this case is whether the trial court erred in finding that the special *1022 administrator had been negligent in protecting the assets of the decedent’s estate.
Bennie James Carter died on September 3, 1986, leaving as his heirs two sons, a daughter, his mother, a sister, and a brother. Carter had executed his will on August 14,1986, which was three weeks before his death; he left all of his property to his “friend,” Peggy A. Durry. Durry testified that she was a very close friend of Carter’s and that Mr. Carter’s former wife was her godmother.
In September 1986, J.C. McAleer III was appointed by the Mobile County Probate Court as the special administrator of Carter’s estate, pursuant to Alabama Code 1975, § 43-2-47. Section 43-2-47 provides:
“(b) Every such special administrator has authority to collect the goods and chattels of the estate and debts of the deceased, to give receipts for monies collected, to satisfy liens and mortgages paid to him and to secure and preserve such goods and chattels at such expense as may be deemed reasonable by the probate court; and for such purposes, he may maintain civil actions as administrator.”
Carter’s property included a house and furnishings located at 2009 Belle Rose Drive, Mobile, Alabama. McAleer went to Carter’s home in October 1986 and made an inventory of its contents; he filed that inventory in the probate court.
In March 1987, United Mortgage Company instituted a non-judicial foreclosure of a mortgage on Carter's property and later, after the foreclosure, filed an ejectment action. Notice of foreclosure was given in the newspaper for four consecutive weeks, and notice of the ejectment was given by posting a sign on the front door of Carter’s house. United Mortgage Company obtained, by default, an order of ejectment on September 21, 1987. On September 27, 1987, employees of United Mortgage Company removed personal property from Carter’s house; these employees were accompanied by Mobile County deputy sheriffs. McAleer did not know of the ejectment until several months after it had occurred.
Between the filing of the inventory and the ejectment, some of the personal property in the house disappeared. No one knows where the property is or how it was lost. McAleer received telephone calls from the neighbors about strangers being around the house; he would check on the house, but do nothing further. The house had burglar bars on some of the windows.
It is undisputed that only a small portion of the personal property listed on the inventory list was present in Carter’s house at the time of the ejectment. Mobile County Deputy Sheriff Carl Gray testified that he attended and supervised the ejectment at the Carter house. Gray stated:
“We got the finance company to open the door. We went in to remove the furniture, which was not very much in there. The place looked like it had already been — like everything had been moved out. There was a couple of dressers and stuff, but they were in bad shape. There was nothing else in there. It didn’t take us 15, 20 minutes to do it.”
Durry contends that McAleer failed to use due diligence to protect the assets of the estate and is therefore liable for the loss. We agree.
A special administrator such as McAleer has the means available to protect the assets of an estate until letters testamentary are issued. Smith v. Snider, 497 So.2d 484, 486 (Ala.1986). The facts indicate a lack of diligence by McAleer. That lack of diligence was pointed out in the probate court’s judgment, which stated in part:
“The Court has exercised a close and thorough examination of the testimony, all evidence and the transcript of this case. Accordingly, and after weighing the equities of the respective parties involved herein, the Court FINDS, ORDERS AND DECREES that the Administrator ad Colligendum is liable in that said party took constructive, if not actual, possession of the assets of the estate and failed to adequately secure the same. Even though it would possibly have necessitated petitioning the Court for special authority to sell certain items of *1023 personal property to provide adequate funds to store, insure and protect the remaining property, the Personal Representative took no action. As a consequence thereof, based upon the evidence presented ore tenus, the Court FINDS the Administrator ad Colligendum liable to.the estate in the sum of $10,000.00 and does hereby render a judgment against the Administrator ad Colligendum and the surety on his bond in such amount, plus the cost of Court, FOR THE RECOVERY OF WHICH LET EXECUTION ISSUE.”
McAleer had a duty, which he breached, to secure and preserve the assets of Carter’s estate. Liability must be imposed upon McAleer in the amount of the value of the assets that came into his hands and that were then lost because of his lack of diligence. Stone v. Curry, 512 So.2d 66, 68 (Ala.1987); Ala.Code 1975, § 48-2-110.
Three witnesses familiar with the lost assets in question testified as to their value. The testimony indicated values ranging from $1,485 to $50,000. The evidence was presented ore tenus, and the finding of a $10,000 value is supported by reasonable inferences to be drawn from the evidence; the finding of value will not be disturbed, because it is not plainly and palbably erroneous. 512 So.2d at 68.
“Under the ‘ore tenus,’ rule, a presumption of correctness accompanies the trial court’s judgment when it has made findings of fact based on oral testimony without a jury, and its judgment will not be reversed unless it is shown to be plainly and palpably wrong, considering all of the evidence and all inferences that can be logically drawn from the evidence. King v. Travelers Ins. Co., 513 So.2d 1023 (Ala.1987); McCrary v. Butler, 540 So.2d 736 (Ala.1989). The trial court’s judgment in such a case will be affirmed, if, under any reasonable aspect of the testimony, there is credible evidence to support the judgment. McCrary v. Butler, supra; Jones v. Jones, 470 So.2d 1207 (Ala.1985).”
Clark v. Albertville Nursing Home, Inc., 545 So.2d 9, 12-13 (Ala.1989).
The probate court’s finding that McAleer failed to take proper action to protect Carter’s assets is supported by the record, and its ruling that McAleer is therefore liable to Carter’s estate in the amount of $10,000 is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.