SHORES, Justice.
This case involves the question whether a portion of a county road known as the old Coffeeville-Winn Road in Clarke County, Alabama, has been abandoned as a public road. In September 1990, George Autry installed a gate across the road. Clarke County sued George Autry and his wife Carolyn Autry, seeking to enjoin them from maintaining the gate, alleging that it was across a public road. After a nonjury trial, the judge found the road to be public and enjoined the defendants from maintaining a gate across it. The judge’s order read as follows:
“This matter having come on for hearing upon Plaintiffs request for an injunction to prohibit Defendants from obstructing a certain road in Clarke County, Alabama, known as the Old Coffee-ville-Winn Public Road, which said Old Coffeeville-Winn Public Road extends and leads from the present paved Coffee-ville-Winn Public Road, being County Road No. 3, in the SE ¼ of SE ¼ of Section 29, Township 9, North, Range 1 East; and Bruce N. Wilson appearing as counsel for the Plaintiff and Lee B. Williams appearing as counsel for Defendants; and the Court having considered all of the testimony and evidence offered by the parties and the briefs filed herein, and the Court having determined that the Plaintiff is entitled to the relief sought herein:
“If is therefore, ORDERED, ADJUDGED and DECREED that the Defendants, George Autry and Carolyn Au-try, are hereby permanently enjoined and restrained from obstructing said Old Cof-feeville-Winn Public Road by maintaining a gate across said road, or otherwise hindering public travel on said road or the maintenance thereof by plaintiff.”
“Done this 5th day of September, 1991.
“J. Richmond Pearson
“Circuit Judge”
The Autrys appeal. We affirm.
The trial judge had before him evidence that the Old Coffeeville-Winn Road was undisputably a public road when it was paved and straightened in 1961 or 1962, and that its character had changed over the years. The Autreys sought to establish that the road had been abandoned by nonuse for some substantial time. They had the burden of proving this by clear and convincing evidence. Floyd v. Industrial Development Board of City of Dothan, 442 So.2d 927 (Ala.1983); Bownes v. Winston County, 481 So.2d 362 (Ala.1985). The trial judge weighed the evidence and determined that, although the character of the road might have been changed, it was still a public road.
“Under the ‘ore tenus rule,’ a presumption of correctness accompanies the trial court’s judgment when it has made findings of fact based on oral testimony without a jury, and its judgment will not be reversed unless it is shown to be plainly and palpably wrong, considering all of the evidence and all inferences that can be logically drawn from the evidence. King v. Travelers Ins. Co., 513 So.2d *592 1023 (Ala.1987); McCrary v. Butler, 540 So.2d 736 (Ala.1989). The trial court’s judgment in such a case will be affirmed, if, under any reasonable aspect of the testimony, there is credible evidence to support the judgment. McCrary v. Butler, supra; Jones v. Jones, 470 So.2d 1207 (Ala.1985).”
Clark v. Albertville Nursing Home, Inc., 545 So.2d 9, 12-13 (Ala.1989).
Because the evidence supports the trial court’s findings, the judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.