PER CURIAM.
Equipment Leasing appeals from a judgment in favor of Quilla Childers, d/b/a Childers Grocery. The trial judge, sitting without a jury and hearing ore tenus evidence, held that Equipment Leasing was not entitled to rental payments on a fountain drink machine and a yogurt machine leased by Childers from Fiduciary Leasco, Inc., and assigned to Equipment Leasing by Fiduciary Leasco. We reverse and remand.
Because this was a nonjury, ore ten-us case, we are held to the following standard of review:
“Under the ‘ore tenus rule,’ a presumption of correctness accompanies the trial court’s judgment when it has made findings of fact based on oral testimony without a jury, and its judgment will not be reversed unless it is shown to be plainly and palpably wrong, considering all of the evidence and all inferences that can be logically drawn from the evidence. King v. Travelers Ins. Co., 513 So.2d 1023 (Ala.1987); McCrary v. Butler, 540 So.2d 736 (Ala.1989).”
Clark v. Albertville Nursing Home, Inc., 545 So.2d 9, 12-13 (Ala.1989).
Childers agreed to lease a fountain drink machine and a yogurt machine from a representative of a vendor, New World Equipment. The lease she signed with the New World Equipment representative was with Fiduciary Leasco, Inc. Childers made the payment for the first month and thereafter failed to make payments. Although Childers had purchased a service contract on her machines with a company known as Dependable Equipment and Leasing Company,[1] she claims that the yogurt machine never froze the yogurt well enough for the yogurt to stay on a cone and that the fountain machine leaked. She claims that she tried to contact New World with regard to the unsatisfactory machines; however, she contends that after a couple of service calls, her telephone calls were not returned. The Childers account was assigned to Equipment Leasing, which filed this suit after unsuccessful attempts to collect rental payments from Childers.
The leases signed by Childers had the following provision in them:
“Lessor has not made and does not make any representation, warranty or covenants, express or implied, with respect to the equipment. As between lessor and lessee, .the equipment shall be accepted and leased by lessee ‘as is’ and ‘with all faults.’ Lessee agrees to settle all such claims regarding the equipment directly *226 with the supplier and will not assert any such claims against lessor or lessor’s as-signee. No delay in shipment, defect or unfitness of the equipment, loss or damage thereto or any other circumstances shall relieve lessee of its obligations under this lease which are absolute and unconditional and lessor shall not be liable therefor. In no event shall lessor be liable for any consequential damages.”
The lease clearly provided that the machines leased by Childers would be leased in an ‘as is’ condition. From the record before us, it clearly appears that Childers knew of and accepted these provisions. She was an experienced businesswoman and had, in fact, taken out a service contract on the machines.
Based on the evidence before us, we hold that the judgment of the trial court was plainly and palpably wrong. The judgment, therefore, is hereby reversed and the cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, ADAMS, STEAGALL and INGRAM, JJ., concur.

. Childers purchased the service agreement on the advice of a representative of the vendor, New World Equipment, who put her in touch with Dependable.