SHORES, Justice.
The plaintiffs appeal from a judgment in favor of the defendant in a motor vehicle accident case. We affirm.
Opal Marie Andrews claims to have been injured in an accident that occurred on September 10, 1987, in Madison County, Alabama. The accident involved an automobile driven by Mrs. Andrews and a pick-up truck driven by Ernest P. Bragg, Jr., a deliveryman for an automobile parts store. Mrs. Andrews sued Bragg on June 6, 1989, alleging that he had negligently or wantonly operated the pick-up truck and had thereby caused the accident, and that the accident had caused her to suffer various physical injuries and lost wages. Her husband, Curtis Andrews, claimed damages for loss of consortium.
Bragg was served on June 19, 1989. He did not answer, and the court entered a default judgment against him on January 9, 1990.
Bragg filed an action attacking the default judgment. Testimony was presented in that case, CV-90-2532 in the Madison Circuit Court, on September 4, 1991, before Judge Jeri Blankenship, who had entered the default judgment. By order of October 24, 1991, Judge Blankenship set aside the default judgment and reset the Andrews’ case on the active docket. In the meantime, Universal Underwriters Insurance Company had filed a declaratory judgment action, seeking a declaration that it had no obligation to Bragg. That action was CV-90-1528 in the Madison Circuit Court; the insurance company later dismissed that action.
On December 6, 1991, the plaintiffs moved to set the case for trial, withdrawing their jury demand, and moved the court to rule on the basis of the evidence previously taken in the proceeding to set aside the default judgment. The trial court entered a final judgment on February 20, 1992:
“FINAL JUDGMENT
“This matter comes before this Court upon the plaintiffs’ request that this Court enter a judgment in this action based on testimony and evidence taken ore tenus on the 4th day of September, 1991.
*335 “Prior to the taking of said testimony and evidence, the record in this case reflects that a default judgment was taken against the defendant Ernest P. Bragg, Jr., in favor of the plaintiffs in the amount off $90,000.00 plus costs of this action on the 9th day of January, 1990.
“After the taking of testimony and evidence ore tenus on the 4th day of September, 1991, the Court determined and entered an order dated the 24th day of October, 1991, that said default judgment was due to be set aside and held for naught. The Court further ordered that the case be set on the active jury trial docket of this Court.
“On the 6th day of December, 1991, the plaintiff[s] filed a written writhdra-wal of jury demand and a motion to have the Court rule on the evidence previously submitted and taken in open Court on the 4th day of September, 1991. The plaintiff requested that a transcript of that proceeding be prepared and filed with the Court and that the Court review same and enter a judgment, non-jury, in this action on the merits.
“The Court, having reviewed the entire transcript, is of the opinion that the plaintiffs’ claims against the defendant Ernest P. Bragg, Jr., are without merit.
“It is therefore, ORDERED, ADJUDGED and DECREED that judgment be ... entered in favor of the defendant Ernest P. Bragg, Jr., in this action. Costs taxed to the plaintiffs.”
The plaintiffs appeal.
The plaintiffs contend that we should not apply the ore tenus rule in this case because the evidence on which the judgment was based was presented to the trial judge in the nonjury hearing on the defendant’s separate proceeding to set aside the default judgment. The record reflects that in this personal injury action the plaintiffs withdrew their jury demand and moved the court to rule on the basis of that evidence. Therefore, the ore tenus rule does apply.
“Under the ‘ore tenus rule,’ a presumption of correctness accompanies the trial court’s judgment when it has made findings of fact based on oral testimony without a jury, and its judgment will not be reversed unless it is shown to be plainly and palpably wrong, considering all of the evidence and all inferences that can be logically drawn from the evidence. King v. Travelers Ins. Co., 513 So.2d 1023 (Ala.1987); McCrary v. Butler, 540 So.2d 736 (Ala.1989). The trial court’s judgment in such a case will be affirmed, if, under any reasonable aspect of the testimony, there is credible evidence to support the judgment. McCrary v. Butler, supra; Jones v. Jones, 470 So.2d 1207 (Ala.1985).”
Clark v. Albertville Nursing Home, Inc., 545 So.2d 9, 12-13 (Ala.1989).
We have carefully examined the record in this case, and we find substantial evidence to sustain the judgment, although there is some conflict in the evidence. The evidence reflected that Mrs. Andrews had had a previous accident in November 1986, leading to her filing of a lawsuit that eventually was settled; in that earlier action she had claimed injuries substantially similar to those she claimed in this case. There was “credible evidence to support the judgment”; considering all of the evidence and all inferences that can be logically drawn from it, we cannot conclude that the judgment is plainly and palpably wrong.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.