SHORES, Justice.
This appeal involves the question whether the leasing of space in a shopping center to a restaurant known as The Steak Escape violated the exclusivity clause in a lease between Subway Restaurants, Inc., and Madison Square Associates, Ltd. We affirm the trial court’s judgment holding that it did not.
On August 30, 1989, Subway and Madison Square entered into a lease agreement whereby Subway leased space in Madison Square Mall in Huntsville, Alabama. The lease agreement provided that the space was to be used by Subway for the operation of a restaurant serving prepared food, primarily specializing in submarine sandwiches and salads. The lease agreement with Subway provided an exclusivity clause:
“Section 12.24 Exclusivity. Notwithstanding anything contained herein to the contrary, in the event Landlord leases space in the Food Court area of the Shopping Center to a tenant operating a store for the same use as Tenant, Tenant’s Minimum Annual Rent shall be reduced by fifty percent (50%) for such time as such competing tenant is open for business in the Shopping Center.”
In December 1990, Madison Square leased space in the food court to The Steak Escape. In early 1991, Subway began paying only 50% of its total rent, alleging that the introduction of The Steak Escape into the food court violated the exclusivity provision of the lease agreement. Madison Square instituted this action in the Circuit Court of Madison County to recover the other 50% of the rent that Subway had not paid.
The issues on appeal are (1) whether the trial court erred in finding that the food items sold by The Steak Escape were not “submarine sandwiches” and that the leasing of space to The Steak Escape did not violate the exclusivity provision of the lease agreement, and (2) whether the trial court erred in granting Madison Square’s post-judgment motion for the recovery of attorney fees.
This case was heard by the trial court without a jury.
“Under the ‘ore terms rule,’ a presumption of correctness accompanies the trial court’s judgment when it has made findings of fact based on disputed oral testimony without a jury, and its judgment will not be reversed unless it is shown to be plainly and palpably wrong, considering all of the evidence and all inferences *1257 that can be logically drawn from the evidence. King v. Travelers Ins. Co., 513 So.2d 1023 (Ala.1987); McCrary v. Butler, 540 So.2d 736 (Ala.1989). The trial court’s judgment in such a case will be affirmed if, under any reasonable aspect of the testimony, there is credible evidence to support the judgment. McCrary v. Butler, supra; Jones v. Jones, 470 So.2d 1207 (Ala.1985).”
Clark v. Albertville Nursing Home, Inc., 545 So.2d 9, 12-13 (Ala.1989).
As to the first issue, the trial court found as follows:
“[T]he food items sold by The Steak Escape are not ‘submarine sandwiches’ and [the leasing of space to The Steak Escape does not] violate the exclusivity provision contained in the Lease Agreement between the plaintiff and defendant. Furthermore, based upon such finding, the Court holds that the plaintiff is entitled to the sum of Eighteen Thousand Three Hundred Thirty-Three and 33/100 ($18,-333.33) Dollars, plus $1,558.33 in interest as set forth in said Lease Agreement. ...”
We cannot conclude that the trial court’s factual finding — that The Steak Escape was not selling submarine sandwiches— was plainly and palpably erroneous and manifestly unjust.
As to the second issue, concerning the attorney fees, evidence was presented that Madison Square was entitled to an award of reasonable attorney fees under the terms of its lease agreement with Subway. The pertinent language in the lease agreement is as follows:
“Tenant agrees to indemnify Landlord for all reasonable costs, expenses, damages (both compensatory and punitive), fines and awards including legal fees incurred by Landlord as a result of any claim, proceeding, settlement and/or judgment based in whole or in part on the provisions of this Section [‘12.24 Exclusivity’], and within ten (10) days after notice to Landlord that such a claim and/or proceeding has been com-menced_”
The trial court’s original order, awarding Madison Square the back rent, failed to award attorney fees. In response to Madison Square's post-judgment motion, the court subsequently awarded attorney fees in the amount of $1,821.18.
In Alabama, in state law causes of action, attorney fees are recoverable as part of the costs of an action only where authorized by statute, when provided in a contract, or by special equity, such as a proceeding where the efforts of an attorney create a fund out of which fees may be paid. Reynolds v. First Alabama Bank of Montgomery, N.A., 471 So.2d 1238 (Ala.1985); Eagerton v. Williams, 433 So.2d 436 (Ala.1983); Shelby County Commission v. Smith, 372 So.2d 1092 (Ala.1979). The reasonableness of an attorney fee under a contract providing for the recovery of reasonable attorney fees is largely within the discretion of the trial court. Peebles v. Miley, 439 So.2d 137 (Ala.1983); see: Irons v. Le Sueur, 487 So.2d 1352 (Ala.1986); Mann v. Mann, 451 So.2d 783 (Ala.1984). Subway has not shown that the trial court abused its discretion in regard to the award of attorney fees.
For the reasons stated, the judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.