I respectfully dissent. Because this case was heard without a jury, I would affirm the trial court's judgment under theore tenus rule. I would also allow the personal representative of a deceased client to claim the attorney-client privilege.
 "Under the 'ore tenus rule,' a presumption of correctness accompanies the trial court's judgment when it has made findings of fact based on oral testimony without a jury, and its judgment will not be reversed unless it is shown to be plainly and palpably wrong, considering all of the evidence and all inferences that can be logically drawn from the evidence. King v. Travelers Ins. Co., 513 So.2d 1023 (Ala. 1987); McCrary v. Butler, 540 So.2d 736 (Ala. 1989). The trial court's judgment in such a case will be affirmed, if, under any reasonable aspect of the testimony, there is credible evidence to support the judgment. McCrary v. Butler, supra; Jones v. Jones, 470 So.2d 1207 (Ala. 1985)."
Clark v. Albertville Nursing Home, Inc., 545 So.2d 9, 12-13
(Ala. 1989).
I believe that a personal representative of a deceased should be able to claim the attorney-client privilege. Although this is an issue of first impression in Alabama, many other states allow the personal representative of a deceased to claim the privilege. See Annotation, Waiver of attorney-client privilegeby personal representative or heir of deceased client or byguardian of incompetent § 3, 67 A.L.R.2d 1268, 1271-74 (1959), and supplement thereto. The personal property that was the subject of the alleged inter vivos gift to Fred was the same property that F.W. Crenshaw's will devised in equal parts to Betty, Fred, and Lewis. Therefore, I believe that both Betty and Fred had a sufficient "common interest in the matters discussed," International Brotherhood of Teamsters, Chauffeurs,Warehousemen Helpers v. Hatas, 287 Ala. 344, 366,252 So.2d 7, 27 (1971), and that, therefore, F.W. Crenshaw did not waive his attorney-client privilege merely because Fred and Betty were present in his hospital room. See also Bertarelli v.State, 585 So.2d 212, 217-18 (Ala.Crim.App. 1991).
The trial court heard the testimony of the witnesses and was able to observe their demeanor and to judge their credibility. A careful review of Betty Hendricks's testimony reveals that she was asked if her father mentioned her brother Fred by name when he made the alleged inter vivos gift, but that she never testified that she heard her father mention Fred's name when he made the alleged oral inter vivos gift of personalty. Because there is credible evidence to support it, I would affirm the judgment of the trial court.
ALMON, J., concurs.