RICHARD L. HOLMES, Retired Appellate Judge.
Sherman International Corporation (Sherman) appeals from the trial court’s order that entered a summary judgment in its favor against Greater Mt. Olive Baptist Church # 2 (church) and established a materialman’s lien against the church’s property.
On appeal Sherman contends that the trial court committed reversible error when it failed to include attorney fees and finance charges in the summary judgment entered in its favor. Sherman also contends that the trial court committed reversible error when it failed to enter a money judgment against the church.
Our review of the record reveals the following pertinent facts: Sherman supplied building materials for a construction project on the church’s premises. Prior to delivering the materials to the church’s premises, Sherman sent a letter to the church, notifying the church that it was about to deliver materials to the construction project and that if the contractor did not pay for the materials, Sherman “could claim a lien against the [church’s] property for which [the church] would be responsible to Sherman.”
When Sherman did not receive payment for the materials furnished, it filed suit against the church, seeking to enforce its materialman’s lien.
Thereafter, Sherman filed a summary judgment motion against the church, seeking to establish a materialman’s hen for the unpaid balance, plus finance charges and attorney fees.
In its response the church contended that Sherman was not entitled to a lien for any amount which exceeded the total price of the materials provided and that Sherman was not entitled to finance charges or attorney fees.
The basis for the church’s argument was that the church was not a party to the contract between Sherman and the general contractor and was not bound by the terms of the contract regarding finance charges and attorney fees. Further, the church argued that Sherman’s notice of intent to furnish building materials to the construction site did not provide to the church any notice regarding the assessment of finance charges and attorney fees.
After a hearing the trial court issued an order, entering a summary judgment in favor of Sherman and establishing a materialman’s lien on the church’s property for the unpaid balance, plus pre-judgment interest of six percent. The trial court specifically found that Sherman was not entitled to a lien for any amount which exceeded the total price of the materials provided and that Sherman could not recover finance charges or attorney fees from the church.
This appeal followed.
Our review of the record does not reveal any statutory or contractual basis for Sherman to recover finance charges and attorney fees from the church. It is well settled that there must be a statutory or contractual basis for awarding attorney fees. Subway Restaurants, Inc. v. Madison Square Associates, Ltd., 613 So.2d 1255 (Ala.1993). The contract between Sherman and the general contractor does not, in this instance, supply a contractual basis for finance charges and attorney fees against the church.
Neither attorney fees nor finance charges are provided for in Ala.Code 1975, § 35 — 11— 210, and, as previously noted, the notice to the church regarding Sherman’s intent to *158 deliver the materials contained no reference to finance charges or attorney fees.
Additionally, our review of the record reveals that in this case Sherman sought to establish a materialman’s lien against the church’s property. Sherman obtained the requested relief.
In view of the above, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
AFFIRMED.
ROBERTSON, P. J., and YATES and CRAWLEY, JJ., concur.