The plaintiffs-appellants are all homeowners in the Sunset Valley Subdivision, Third Addition, which is located in the City of Huntsville. The defendants-appellees are the twelve members of the Huntsville Planning Commission, the City of Huntsville, and E.M. Windsor, the developer of the Buck's Canyon Subdivision. The appellants filed a complaint in Madison County Circuit Court, seeking a declaratory judgment as to the legality of the Huntsville Planning Commission's approval of the Buck's Canyon Subdivision plat. Appellants sought a ruling by the trial court that *Page 415 
the Commission's approval of the Buck's Canyon Subdivision plat was void on the following two grounds: (1) the plat was in violation of Huntsville's Subdivision Regulations; (2) final approval by the Commission was improper in that one of the Commission members who voted in favor of approval was disqualified because of a conflict of interest.
The case was heard ore tenus and on November 2, 1976 the trial court ruled that the appellants had failed to reasonably satisfy it that the Buck's Canyon Subdivision plat contained such irregularities as to make it void as a matter of law. The court also found that the appellants failed to reasonably satisfy it that the action of the Commission, in granting final plat approval for the Buck's Canyon Subdivision, should be declared void. Hence this appeal.
In April 1976 appellee Windsor submitted to the Huntsville Planning Commission, for layout approval, a subdivision plat of what is now called Buck's Canyon Subdivision. The land composing this subdivision abuts the Sunset Valley Subdivision, Third Addition, on the eastern boundary. To gain access to the Buck's Canyon property the plat depicted the extension of an existing road, Valley Lane, along the rear lot lines of the appellants' three lots. It was this design feature which precipitated the controversy which has now made its way to this court.
Between April and August of 1976 the Huntsville Planning Commission labored with the controversy that surrounded their consideration of Buck's Canyon Subdivision. The Commission meetings were open, and well attended by all parties concerned. The appellants retained counsel during this period of time who acted as their representative at these meetings. There is no contention that the Commission proceedings were not well announced and from the record it appears that both sides of the issue were given ample opportunity to make their feelings known to the Commission.
On August 24, 1976 the Commission met, with eleven of its twelve members present, and by a vote of six to four granted final approval for the Buck's Canyon Subdivision Plat. The chairman abstained in that he voted only in the event of a tie vote.
At trial, the appellants attacked the legality of the design of the plat as finally approved. It was their contention before the trial court and it is their contention here that the extension of Valley Lane created "double fronting" on their property, which was in violation of the Huntsville Subdivision Regulations. "Double fronting" occurs when there is a public right of way in the front of a lot as well as a right of way on the side or in the rear of the lot.
The basis for the appellants' contention, regarding the alleged conflict of interest, is that one of the Planning Commission members, Tom Johnson, is an employee of the engineering company which prepared the Buck's Canyon Subdivision, Jones Sons, Inc. At trial Mr. Johnson testified that he was a salaried employee of Jones Sons, Inc., and that his vote for approval of the Buck's Canyon Subdivision plat was in no way influenced by his employment. Appellants contend that Mr. Johnson was disqualified from voting on this particular plat under Robert's Rules of Order, which had been adopted by the Commission as its guide for parliamentary procedure. With Mr. Johnson's vote for approval set aside the appellants argue that the vote on the plat would change to five in favor, four opposed, and two abstentions. It is the appellants' argument that this vote does not comply with the following requirement which governs the adoption of subdivision plats by the Huntsville Planning Commission:
 "The approval of any subdivision, and the passage of any questions before the Commission, other than the adoption or amendment of any plan, shall be carried by the majority of those members present."
[Emphasis added.]
Act No. 726, § 2, Reg.Sess. 1975
Appellants conclude that there were 11 members present and after the disqualification only 5 voted in favor of approval, which is not a majority, and hence the plat was disapproved. *Page 416 
As to the alleged illegality of the design of the Buck's Canyon Plat, the trial court found that section 7.1 of the Huntsville Subdivision Regulations, allows the Commission to grant variances to the regulations under certain circumstances and that the appellants failed to carry their burden of proving that the approval of this plat was in derogation of section 7.1.
Section 7.1 provides as follows:
 "Whereas the Planning Commission finds that extraordinary hardships may result from strict compliance with these regulations, due to unusual topographic or other conditions beyond the control of the subdivider, it may vary the regulations so that substantial justice may be done and the public interest secured; provided that such variation will not have the effect of nullifying the intent or purpose of the Subdivision Regulations, Zoning Ordinance, Major Street Plan, or other elements of the Huntsville Master Plan."
Concerning the appellants' argument that the vote on the final plat was improper, the trial court held that the adoption of Robert's Rules of Order by reference in the by-laws of the Commission, could only mean that Robert's Rules were directory not mandatory.
The trial court went further and stated that if for the sake of argument Robert's Rules of Order were considered mandatory and that Mr. Johnson's vote were not counted the resulting vote — 5 for, 4 against, 2 abstain — would still constitute approval of the plat under the requirements of Act 726, supra.
The trial court interpreted Act 726 to mean that a plat is approved when a majority of the members present and "qualified to vote" vote for approval.
When evidence is heard ore tenus, as here, this court will not disturb the trial court's findings of fact unless they are clearly erroneous or manifestly unjust. Morvay v. Drake,295 Ala. 174, 325 So.2d 165 (1976); Trabits v. Snow, 294 Ala. 313,316 So.2d 336 (1975).
The trial court's finding that the appellants had not carried their burden of proving that the Buck's Canyon Plat could not be approved under section 7.1 of the Subdivision Regulations, is supported by ample evidence in the record.
The trial court's interpretation of the provisions of Act No. 726 is a question of law and as such, on appeal is not entitled to any presumption of correctness. In this instance we are in agreement with the trial court's application of the law to the facts in this case. To rule as the appellants would wish, that in order to approve a plat Act 726 requires that a majority of those physically present at the Commission meeting vote for plat approval, would result in some absurd results. Although it would have been helpful if the Legislature had been more specific in regards to this question, it is clear to this court that the trial court properly found that the phrase "members present" implies "members present and qualified to vote." Because of this conclusion it is not necessary for us to consider the question of what effect Robert's Rules of Order
had on the Commission's proceedings.
AFFIRMED.
BLOODWORTH, JONES, ALMON and EMBRY, JJ., concur.