JONES, Justice.
The Plaintiff/Appellant, Consulting Engineering Services, Inc., takes this appeal from the following judgment, rendered by Judge Joseph D. Phelps, sitting without a jury, in favor of the Defendant/Appellee, Urban Consultants, Inc.:
“THIS CAUSE was submitted upon testimony taken before the Court, numerous Exhibits, and the Depositions of W. J. Nesmith, former Mayor of the City of Cullman, and Herman Kerr.
*863 “In this action, the Plaintiff seeks to recover $28,929.60, allegedly due under a contract of August 16, 1974. Under that contract, the Plaintiff was to perform for the Defendant all of the engineering services which the Defendant was required to furnish under its contract with the City of Cullman. That contract was for the development of a planned Industrial Park, in Cullman.
“Both the contract between the Defendant and the City of Cullman, and the contract between the Plaintiff and the Defendant, provided that the first engineering services were those required under the Paragraph heading ‘(1) Preliminaries’. It is undisputed that the Plaintiff provided those engineering services, and prepared plans, profiles, grading plans, preliminary drawings, outline specifications, and a construction cost estimate. Those preliminary services were satisfactory to the Defendant and the Defendant paid the Plaintiff’s bill therefor in the amount of $14,464.80. This represented payment in full of the engineer’s portion of the fee paid by the City of Cullman for ‘Preliminaries’. The evidence is undisputed that Defendant collected no other amount from the City except for those services entitled ‘Preliminaries’.
“Plaintiff claims that the plans submitted were sufficient to constitute final plans and that the Plaintiff performed additional engineering services, for which the Defendant is obligated. However, under both the contract between the Plaintiff and the Defendant, and between the Defendant and the City of Cullman, no further engineering services were required until after approval by the City of the preliminary design documents. The testimony of the Director of Community Development of the City, was that the City of Cullman was without sufficient funds to complete the project in accordance with the preliminary design documents and that the City never gave approval thereof. Plaintiff’s Exhibit 9, the letter from the then Mayor of the City of Cullman, W. J. Nesmith, stated among other things:
“ ‘The City of Cullman is unable to enter construction of Cullman Industrial Park with plans submitted by your office.’
“Since the second portion of Plaintiff’s contract, entitled ‘(2) Contract Documents’, was only to be-.done from ‘the approved preliminaries’, and since said preliminaries were not approved, it follows that the Plaintiff was neither authorized nor directed to perform any such additional services at the expense of the Defendant. It is, therefore,
“ORDERED, ADJUDGED,' AND DECREED that the Plaintiff have and recover nothing from the Defendant. Let the costs be taxed against the Plaintiff, for which let execution issue.
“Done this 26th day of June, 1978.
“/s/ Joseph D. Phelps. CIRCUIT JUDGE”
We note at the outset that this is an ore tenus case, and the law is well settled that, in such cases, this Court is precluded from altering a lower court’s findings of fact unless those findings are clearly erroneous. Donnelly v. Doak, 346 So.2d 414 (Ala.1977). It is agreed that Consulting Engineering performed the services called for under the contract “Preliminaries” and has been paid in full for such services. Furthermore, it is stipulated that, after the item “Preliminaries,” Consulting Engineering never furnished Urban Consultants with any other document, contract document, specifications, or anything else.
Consulting Engineering contends that the plans it submitted were sufficient to constitute final plans and were, in fact, used as final plans in the completion of the Industrial Park in the City of Cullman. The contract is clear, however, that any work beyond the “Preliminary” phase was to be performed only upon approval by the City of the preliminary plans. Although disputed by Appellant, there is credible evidence that the City never gave final approval to the plans because the cost estimates were more than it could afford. Ap *864 pellant, therefore, cannot recover for breach of contract where further work was never authorized nor, as stipulated, performed.
Much of Appellant’s evidence at trial was submitted in an attempt to prove that the preliminary plans were in fact used by the City of Cullman as final plans. Even if this contention is accepted as true, it is not dispositive of the issue of Appel-lee’s breach of contract. The evidence is undisputed that Appellee itself collected no amount from the City of Cullman subsequent to the submission of the preliminary plans. The final construction was not performed by Appellee, but was performed, instead, by Frank Hollis and Associates.
Appellant cannot recover from Ap-pellee for breach of contract for work it was never authorized to perform. Nor can Appellant recover of the Appellee on a theory of quantum meruit — even if the plans were used by the City and others as final plans — where there is no credible evidence that Appellee had benefited in any way or was guilty of plagiarism or misappropriation of the plans.
AFFIRMED.
TORBERT, C. J., and MADDOX, SHORES and BEATTY, JJ., concur.