This is a suit for attorney fees. Plaintiff, Sikes, Kelly, Edwards and Bryant, a professional corporation of attorneys, brought suit against a former client for an unpaid fee on February 1, 1980. The complaint alleged an unpaid balance of $29,982.54 from an original sum of $45,359.34, representing charges of $40 per hour for legal services and actual expenses incurred in defending defendant in a felony prosecution. The criminal case was tried and defendant acquitted in November 1974. The complaint here was originally in four counts, charging breach of an oral contract, account stated, quantum meruit and a promissory note. The latter count was dismissed during trial. The cause went to a jury on the other three counts. Defendant pled accord and satisfaction, written release and statute of limitations. General verdict and judgment was for plaintiff in the amount of $7,500. Motion for new trial and judgment notwithstanding the verdict was denied. Defendant appeals.
The dispositive issue presented is whether plaintiff's claim is barred by the applicable statute of limitation, whatever that may be.
Our discussion begins with the proposition that the verdict of the jury must have been founded upon the count of quantum meruit. The evidence presented by plaintiff as to the amount due under any of the counts in the complaint was the amount sued for. That evidence was that the fee was for $40 per hour plus expenses and that there were expended 1007.5 hours with expenses in the amount of $5,059.34. The total fee was therefore $45,359.34. There *Page 68 
had been payments by defendant totaling $16,876.80. The balance due was therefore $28,482.54. The evidence from plaintiff was further that the amount charged and allegedly agreed to was also reasonable for the services rendered.
The defendant denied agreeing to any fee, assuming that plaintiff accepted his representation because of long friendship and because it was believed by both parties that when he was acquitted, the State would pay the cost of his defense. Defendant made payments to plaintiff on three occasions. First, from recovery of retirement funds when he resigned from his job as purchasing agent for the State in 1974. Second, when he was paid his salary for the time lost from his job in 1975. Third, when he sold his home in February 1977. Subsequent to his acquittal he returned to his job and secured an opinion from the attorney general that the State could pay the cost of his defense. His efforts to secure such payment were unfruitful, though statements of plaintiff's charges were filed with the State's finance officer with request for payment.
It is thus evident that the jury did not accept plaintiff's claim of an express contract with agreed terms for a fee. The evidence as to Count I would not support the verdict returned in the amount of $7,500.
Plaintiff, in support of Count II of the complaint, introduced statements presented to defendant, and by him to the Finance Department of the State. Plaintiff also introduced collection letters from its members to defendant and a letter in response from defendant. There were letters of July 6, 1979, and November 6, 1979, from plaintiff to defendant concerning payment of, or on, the account with the latter threatening possible suit. There was a letter from defendant to plaintiff dated November 20, 1979, referring to plaintiff's letter and possible discount of the account, but there is no mention in any of the letters as to a balance drawn on the account then allegedly due. Yet the complaint alleges the account was stated on or about November 19, 1979.
An account stated is not founded on the original liability but is a new agreement between parties to an original account that the statement of the account with the balance struck is correct and that the debtor will pay that amount. Martin v.Stotlenborg, 273 Ala. 456, 142 So.2d 257 (1962). It has been said that the obligation under an account stated is essentially the same as if a promissory note had been given for the balance, so that proof need be only to the agreed balance due.Ingalls v. Ingalls Iron Works, 258 F.2d 750 (5th Cir. 1958). The issue of whether under the evidence there was an account stated in this case was for the jury. Since the verdict was for only approximately one-fourth of the alleged stated amount, it cannot be applied to Count II.
We next look to the evidence to determine if it would support the verdict under Count III. We have said Count III is a common count on quantum meruit.
Plaintiff went to great length to produce testimony and exhibits as to time spent, volume of work product and professional ability used in obtaining the acquittal of defendant. Expert testimony was produced that the fee charged was reasonable in relation to time, work and result. Defendant responded with testimony that the time charged was neither necessary nor reasonable and that the time charge of $40 per hour was unreasonably high, but that a charge of $10 to $20 per hour would have been reasonable. Defendant also disputed the time charge. It is therefore evident that there is conflict in the evidence as to the reasonable value of the work and labor of the plaintiff.
It is to be noted that the approximate amount of the verdict may be reached by using one-half of either the hourly charge or the time charged as a multiplier of the other, with deduction of the sum already paid. We can thus only conclude that the verdict of the jury, in an amount some one-fourth of that claimed by plaintiff by contract and stated account, represents a reconciliation of the conflicting evidence applicable to the quantum meruit count. *Page 69 
It has been necessary to decide which count of the complaint the verdict of the jury could be applied to in order to consider the applicable statute of limitation.
It is established that damages for the reasonable value of services rendered under an implied contract, the terms of which were not fixed by the parties, is merely an open account. Suit thereon is subject to be barred after three years under the provisions of § 6-2-37, Code (1975). Humphrey v. Boschung,47 Ala. App. 310, 253 So.2d 760 (1970); Norton v. Liddell, 280 Ala. 353, 194 So.2d 514 (1967). This rule is applicable to Count III of plaintiff's complaint.
However, § 6-2-16 provides that a partial payment made on a debt by the debtor before the bar is complete removes the bar of the statute and begins it anew. Howard v. Pritchett,207 Ala. 415, 92 So. 782 (1922). It is undisputed in the evidence that defendant made a last payment on the account with plaintiff in the amount of $1,500 at the time of the sale of his home on February 18, 1977. The statute had been running since the last payment in 1976. The bar of statute was not complete on February 18, 1977. The payment on that date began the statute anew. This action was filed February 1, 1980. It was thus timely brought within three years of the last payment.
The remaining issue presented and briefly argued in defendant's brief is: "Did the cancellation and release signed by plaintiff Sikes operate to extinguish defendant's obligation to plaintiff?"
This issue is based upon exhibit and oral testimony that on February 18, 1977, Stanley B. Sikes executed a written instrument entitled "Individual Cancellation and Release." The instrument states that the debt secured by a mortgage dated September 10, 1975, executed by defendant White has been paid in full and is cancelled, satisfied and released. There was testimony that the debt referred to in the instrument was the same debt claimed in the present suit. Plaintiff relies upon the authority, § 8-1-23, Code (1975), in contending that the instrument operated as a full release of the indebtedness claimed in each count of the complaint, and the jury should have been so instructed.
However, defendant fails to consider extensive oral evidence admitted without objection that the instrument was executed by plaintiff solely to accommodate defendant so that he could sell his home free of the lien of plaintiff's mortgage. It was shown that defendant was able thereafter to sell his home and paid from the net proceeds of the sale the sum of $1,500 to plaintiff on the account. Defendant did not deny in his testimony that the intent and purpose of the execution of the release was as stated by plaintiff, and not as a release of the debt.
It appears to this court that the evidence presented raised an issue of fact for the jury as to the intent of the parties in the execution of the instrument. The issue presented in brief is an issue of law. The requested charge presented to the trial court was couched in the words of the statute and if given would have been in effect an affirmative charge in favor of defendant on the factual issue of whether there was an intent to release the debt. The court did not err in refusing it.
Finding no basis for reversal in the issues presented on appeal, the verdict and judgment below is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur. *Page 70