WRIGHT, Presiding Judge.
This is an appeal by Tuscaloosa County from the judgment of the Jefferson County Circuit Court ordering it to pay to Children’s Hospital, Inc., $1,851.31 under the Alabama Health Care Responsibility Act (AHCRA), §§ 22-21-290 to -297, Code of Alabama 1975.
The judgment appealed from ordered payment for services rendered by Children’s Hospital to an indigent patient on two separate occasions: The first, $462.83, for treatment provided in January 1983; the second, $1,388.49, for treatment provided in August 1983. Tuscaloosa County appeals only with respect to the first claim. The only issue is whether that claim is barred by the applicable statute of limitations.
Tuscaloosa contends that the statute of limitations for an action brought under AH-CRA is § 6-2-39(a)(5), Code 1975. That section sets a one-year limitation for the commencement of an action for injury to the person or rights of another not arising from contract. Children’s Hospital contends that the applicable statute of limitations is § 6-2-37, Code 1975. That section sets a three-year limitation for the commencement of an action to recover money due by account. Tuscaloosa County’s contention is incorrect.
By its language, § 6-2-39(a)(5) is applicable only to those actions brought “for any injury to the person or rights of another not arising from contract.” It has been held applicable to those actions which arise ex dilecto, see Sewell v. Grand Lodge of International Association of Machinists and Aerospace Workers, 445 F.2d 545 (5th Cir.1971), particularly, to those actions which constitute a trespass on the case. See Citizens Bank and Savings Co. v. Wolfe Sales Company, Inc., 394 So.2d 941 (Ala.1981); Cochran v. Hasty, 378 So.2d 1131 (Ala.Civ.App.1979). AHCRA does not provide for an action of such a tortious nature. It was intended to place the ultimate financial obligation for medical treatment of indigents upon the county in which the indigent resides. § 22-21-291, Code 1975.
It is our considered opinion that a suit brought under AHCRA is in the nature of a suit on a contract implied by law. It is established that damages for the reasonable value of services rendered under an implied contract, the terms of which are not fixed by the parties, is merely an open account. Norton v. Liddell, 280 Ala. 353, 194 So.2d 514 (1967; White v. Sikes, Kelly, Edwards and Bryant, P.C., 410 So.2d 66 (Ala.Civ.App.1982); Humphrey v. Boschung, 47 Ala.App. 310, 253 So.2d 760 (1970). The applicable statute of limitations for such an action is found in § 6-2-37, Code 1975. White v. Sikes, Kelly, Edwards and Bryant, supra. Children’s Hospital had three years from the time a claim accrued under AHCRA in which to commence an action to recover from Tuscaloosa County for the unpaid costs of the services rendered to its indigent resident.
While it is unclear from the record the exact date upon which this claim accrued, we find such a determination unnecessary. These services were rendered in January 1983. The present action was filed in July 1984. The three-year statute of limitations has not barred the action.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.