.BRADLEY, Judge.
This appeal is from a jury verdict and judgment in favor of the plaintiff, Dominick, Fletcher, Yeilding, Acker, Wood and Lloyd, P.A. (Dominick) for $280.38.
In September 1982 Dominick, a law firm, sued 0. William Evans in the Small Claims Court of Jefferson County to recover the balance owed for representing him in an uncontested divorce action. The claim was for $368.50. Dominick took a default judgment and issued a garnishment to Evans’s employer.
Evans filed a motion to set aside the judgment and quash the garnishment due to lack of service of process. The default judgment was set aside and the garnishment was quashed. After a trial the court entered a judgment in favor of Evans. Dominick appealed to the circuit court and demanded a trial by jury.
After several continuances this case was heard in December 1985. The jury returned a verdict in favor of Dominick for $280.38. Judgment was entered upon this verdict. No postjudgment motion was filed. Evans appealed.
On appeal Evans argues that the jury's verdict was against the great weight and preponderance of the evidence. Evans contends that the evidence at trial established that there was an express contract between the parties and because the jury failed to find for Dominick in the contract amount sued upon and testified to by it, that, in essence, the jury was finding that the contract was not as testified by Dominick.
As noted above, Evans did not file a motion for j.n.o.v., a motion for a new trial, or any other postjudgment motion questioning the jury’s verdict and entry of judgment thereon. The trial court cannot be put in error for a matter which was not presented to nor decided by it. Bevill v. Owen, 364 So.2d 1201 (Ala.1979).
It is well settled that for this court to consider whether the weight of the evidence supports the jury’s verdict that issue must have been raised in a postjudgment motion. Broughton v. Kilpatrick, 362 So.2d 865 (Ala.1978).
When the trial court has not been presented with the opportunity to rule on a motion for new trial, then the only issue before this court is whether there was a scintilla of evidence to justify submission of the case to the jury. Woods v. Westbrook, 356 So.2d 153 (Ala.1978).
In this case the evidence established that there was an agreement between the parties that Dominick was to represent Evans in his divorce action. It appears, however, that there was not an agreement as to the fee to be charged for this representation. Evans claims that he was told that the divorce would be handled for $300 plus costs. Dominick contends that the agreement was for $75 per hour plus expenses with a $300 retainer.
It is well settled that “damages for the reasonable value of services rendered under an implied contract, the terms of which were not fixed by the parties, is merely an open account.” White v. Sikes, Kelly, Edwards & Bryant, P.C., 410 So.2d 66 (Ala.Civ.App.1982).
At trial Dominick introduced evidence as to the reasonable value of services rendered. The summary time sheets dealing with the Evans divorce were introduced into evidence and there was testimony as to how this time was spent. Dominick also introduced into evidence all of the paper *659 work involved in the Evans case. Evans questioned the reasonableness of the time spent preparing the paperwork and obtaining this uncontested divorce.
Expert testimony was offered as to the reasonableness of the fee. When asked by the court whether $75 an hour would be a reasonable rate for divorce services in 1981, the expert replied that the range would have been from $40 to $100.
Therefore, there was a scintilla of evidence present to warrant submission of the case to the jury.
Appellee’s request for sanctions pursuant to Rule 38, Alabama Rules of Appellate Procedure, is denied.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.