RUSSELL, Judge.
This is an appeal from the grant of a motion for judgment notwithstanding the verdict.
Alabama Power Company (appellee) filed an action against Winford L. Holloway (appellant) on August 24, 1988, alleging that the parties had entered into a contract for the purchase of electric service on or about April 1, 1979, and that the appellee had underbilled, and the appellant had underpaid, some $6,458.71 for electricity provided between April 1979 and September 1987, the date of the appellee’s discovery of its error.
The appellant filed a motion to dismiss the complaint to the extent that the amounts claimed “exceed the three-year statute of limitations.” That motion was denied. Subsequently, the appellee filed a motion for summary judgment which, likewise, was denied.
A trial was conducted, at the conclusion of which both parties moved for directed verdict. Those motions were denied. The jury returned a verdict in favor of the appellant. In response, the appellee filed a motion for judgment notwithstanding the verdict, which was granted by the circuit court on December 4, 1989, and judgment in favor of the appellee was entered in the amount of $6,458.71.
This appeal followed. We affirm.
The appellant contends that the circuit court erred in granting the appellee’s motion for judgment notwithstanding the verdict. He further contends that the appel-lee’s claims were limited by application of the three-year statute of limitations, which, he asserts, is applicable to this case.
Initially, we note that a motion for judgment notwithstanding the verdict should be granted only where a grant of a directed verdict would have been proper. Frederick v. Reed, 410 So.2d 95 (Ala.Civ.App.1982). Both motions test the sufficiency of the evidence in the same manner, and neither should be granted if there exists any conflict in the evidence for the jury’s resolution. Independent Life & Accident Insurance Co. v. Parker, 470 So.2d 1289 (Ala.Civ.App.1985). Thus, if there is sufficient evidence to warrant a verdict in favor of the party against whom a directed verdict is sought, such motion must be denied. Joseph v. Staggs, 519 So.2d 952 (Ala.1988).
After carefully reviewing the record, we find that there was not sufficient evidence to support the jury’s verdict and, consequently, that the circuit court did not err in granting the appellee’s motion for judgment notwithstanding the verdict.
Here, the evidence presented by the ap-pellee demonstrated that there were no controverted questions of fact on which *1247 reasonable people could differ and that the moving party was entitled to a judgment as a matter of law. AmSouth Bank, N.A. v. Martin, 559 So.2d 1058 (Ala.1990).
The evidence at trial was uncontroverted that the appellant contracted with the ap-pellee to provide additional service to his residence. There also was no dispute as to the value of that service, or the fact that the appellant had not paid the full amount. At trial, an employee of the appellee testified as to those amounts, which appeared in a verified statement admitted into evidence.
Furthermore, the appellant testified that he had no means of discerning the amount of service provided by the appellee and that he would “have to take the Power Company’s word for it.” He also did not dispute the appellee’s assessment of the value of that service. Rather, the appellant contends that, because the appellee inadvertently undercharged him for the service it provided, he should not be made to pay for its mistake. We disagree.
The failure of the appellee to charge and collect for all electricity service it provides constitutes a crime. §§ 37-8-21 and -22, Ala.Code 1975. Although the courts of this state have not yet had an opportunity to interpret that statute, similar statutes have been reviewed by courts in other states.
In Corporation De Gestion Ste-Foy, Inc. v. Florida Power & Light Co., 385 So.2d 124 (Fla.Dist.Ct.App.1980), the court stated that “it is universally held that a public utility or common carrier is not only permitted but is required to collect undercharges from established rates” even when “they result from its own negligence.” Id. at 126. It further concluded that “a customer of a public utility simply has no defense — either of estoppel or accord and satisfaction — to charges for services which were actually furnished but which had previously been negligently underbilled.” Id.
The uncontroverted evidence established that the appellee provided service to the appellant, the amount of the value of that service, and that the appellant had not paid the full amount due. Consequently, we find that there were no disputed facts that could have led the jury to conclude as it did. Furthermore, we find that the negligence of the appellee in failing to charge for those services does not bar its collection of those charges at this time. Therefore, the circuit court’s grant of the appellee’s motion for judgment notwithstanding the verdict was proper in the case.
Finally, the appellant points out that § 6-2-37, Ala.Code 1975, prescribes a three-year statute of limitations for actions on open accounts. Therefore, he contends that the appellee was limited in recovery to amounts owed not further back than August 1985, three years prior to the commencement of the appellee’s action.
The appellant does not challenge the right of the appellee to bring its action, but rather asserts that it is limited to the recovery of amounts owed on the services it rendered within the three-year period immediately preceding the filing of the appel-lee’s action. We disagree with that interpretation.
It is undisputed that the account which is the subject matter of this action is an open account and that the appellee filed its action within the three-year period contemplated by the statute. The effect of a statute of limitations is to bar one’s right to bring an action. State Department of Revenue v. Lindsey, 343 So.2d 535 (Ala.Civ.App.1977).
In White v. Sikes, Kelly, Edwards & Bryant, 410 So.2d 66 (Ala.Civ.App.1982), this court held that an action, filed in 1980 for the collection of an attorney’s fee earned in 1974, was not barred by the three-year statute of limitations governing open accounts. We cite this case, however, as support for our conclusion that the statute of limitations serves as a bar to bringing the action, not as a limitation on the amount of recovery once the action has been properly filed.
In White, recovery was allowed for a fee that was earned approximately six years prior to the commencement of the action. There, the plaintiff was not limited in his recovery to only amounts owed on the open account which had been incurred within the *1248 three-year period immediately preceding the action. If that had been this court’s position, then no recovery would have been allowed because none of the fees owed were earned during that time frame.
In view of the above, we find that the decision of the circuit court is due to be affirmed.
AFFIRMED.
INGRAM, P.J., concurs.
ROBERTSON, J., concurs in the result only.