PER CURIAM.
Did the trial court err in refusing to amend its judgment entered on a jury verdict to include prejudgment interest in this case involving an insurance contract claim? That is the issue this appeal presents. Both parties agree that Ala.Code 1975, § 8-8-8, allows the recovery of prejudgment interest and that if prejudgment interest was awarded it should have been for the period from December 13, 1987, through May 31, 1990. The insurance policy provided that the insurer would pay “all adjusted claims within thirty (30) days after presentation and acceptance of the proof of loss.” On November 13, 1987, the *458 insured filed with the insurer the sworn statement of loss; thus, December 13, 1987, was the 30th day after the proof of loss was filed. May 31, 1990, was the date that the jury’s verdict was returned and filed with the clerk of the trial court and was the date of the entry of judgment by the trial court.
Alfa Mutual Insurance Company (insurer) filed a declaratory judgment action against Horace Maddox, Jr. (insured), claiming a policy defense and seeking to avoid payment of a fire loss under a “Business Owner’s Policy.” The insured answered and filed a counterclaim demanding $95,765.94 for breach of the insurance contract, interest from the date of loss, attorney fees, and costs.
The trial court did not charge the jury that prejudgment interest was recoverable as damages on the insured’s breach of contract claim. There was no objection to the trial court’s oral charge. The insured did not request an instruction that prejudgment interest was recoverable as an element of damages on his contract claim. The jury returned a verdict for the insured, which provided in pertinent part: “We assess [the insured’s] damages at $85,-000.00.” The jury was discharged, and the trial court entered the following order: “Upon jury verdict, judgment rendered for [the insured] and against [the insurer] for the sum of $85,000 and costs.” Five days later, the insured filed a “Motion to Amend Judgment to Include Interest Computation on Judgment of [The Insured] Against [The Insurer].” The trial court denied the motion to add prejudgment interest to the jury’s verdict. The insured contends that this was reversible error. We agree.
The only disputed issue at the trial was the amount of damages, if any, to which the insured was entitled. Once that was established, Ala.Code 1975, § 8-8-8, provided for prejudgment interest on that amount.
Miller & Co. v. McCown, 531 So.2d 888 (Ala.1988), involved a similar issue. We affirmed a trial court order that added interest at the rate fixed by § 8-8-8 and stated:
“The trial court entered judgment on the report for $29,273.68, which included pre-judgment interest calculated at the rate of six percent per year pursuant to Ala.Code 1975, § 8-8-1. The issue for review is whether the trial court erred in denying Miller’s postjudgment motion challenging the award of pre-judgment interest. We are guided by the principle that the trial court’s interpretation and application of Ala.Code 1975, § 8-8-8 (interest on breach of contract) is a question of law, and, as such, on appeal is not entitled to any presumption of correctness. See Donnelly v. Doak, 346 So.2d 414 (Ala.1977).
“Section 8-8-8 states:
“ ‘All contracts, express or implied, for the payment of money, or other thing, or for the performance of any act or duty bear interest from the day such money, or thing, estimating it at its money value, should have been paid, or such act, estimating the compensation therefor in money, performed.’
“This statute has been interpreted to mean that ‘in contract cases, where an amount is certain or can be made certain as to damages at the time of breach, the amount may be increased by the addition of legal interest from that time until recovery.’ C. Gamble, Alabama Law of Damages, § 8-3 (2d ed. 1988); citing Tennessee Coal, Iron & R. Co. v. Jourdan, 221 Ala. 106, 128 So. 132 (1930); Jefferson County v. City of Birmingham, 235 Ala. 199, 178 So. 226 (1938); Roe v. Baggett Transportation Co., 326 F.2d 298 (5th Cir.1963); and Belcher v. Birmingham Trust Nat’l Bank, 488 F.2d 474 (5th Cir.1973). And ‘[a]ll liquidated demands for a sum certain, fixed by agreement or otherwise, bear interest from the time the party becomes liable and bound to pay them.’ C. Gamble, supra, § 8-7; citing Ala.Code 1975, § 8-8-8.
“In sum, Miller argues that ‘the amount due Landowners in this case was anything but certain and the amount was clearly not known to Miller.’ However, *459 in light of the damages provisions stipulated to in the contract by Miller, and the computations of the master in determining an appropriate damages award, we disagree. The master studied reports on unauthorized cutting submitted by the landowners and Miller. Acknowledging that the ‘plaintiffs’ and defendant’s timber volume scenarios have extreme differences in the estimate of initial volume, marked volume, cut volume, and remaining volume,’ the master concluded that ‘volumes calculated from a stump cruise can be reasonably accurate,’ and utilized the landowners’ ‘cruise’ of unmarked stumps to determine the number and volume of unmarked trees cut.
“The master reported to the trial court that Miller cut 158,824 unmarked board feet, and 51,649 board feet within 150 feet of the river bank. Once the master reached the factual conclusion from the evidence as to the volume of unmarked and unauthorized trees cut, the loss to the landowners could be fixed by a simple mathematical computation by reference to the liquidated damages provisions of the contract. See Lapeyrouse Grain Corp. v. Tallant, 439 So.2d 105 (Ala.1983). Therefore, the amount of damages could be made certain at the time of breach. The trial court correctly increased the amount by the addition of legal interest from that time until recovery and properly denied Miller’s post-judgment motion for relief.”
531 So.2d at 889-90.
To the extent that Southeast Alabama Broadcasting, Inc. v. Farrell, 434 So.2d 756 (Ala.1983), holds to the contrary, by the following language, it is overruled:
“To the contrary, although plaintiff was not required to allege interest, Alabama Terminix Company v. Howell, 276 Ala. 59, 158 So.2d 915 (1963), he should have requested an instruction on recovery of interest had he sought it, and he cannot now insist that he be allowed accrued interest on his breach of contract judgment when he himself requested none.”
434 So.2d at 760 (Ala.1983).
A party should not be required to seek a jury instruction on prejudgment interest to be entitled to it. Once his damages are fixed, the trial judge or the clerk should make the mathematical calculation necessary to determine the interest to which the statute entitled him. In this case, all of the facts were undisputed except the amount of damages.
The judgment is reversed and the cause is remanded for the trial court to assess prejudgment interest in accordance with Ala.Code 1975, § 8-8-8.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, SHORES, ADAMS, HOUSTON, KENNEDY and INGRAM, JJ., concur.