PER CURIAM.
This health-care case involves the issue whether, under the Alabama Health Care Responsibility Act (“AHCRA”), § 22-21-290 et seq., Ala.Code 1975, Lawrence County (“the County”) must pay Decatur General Hospital for the medical maternity care that it provided to 47 patients who are residents of Lawrence County.
AHCRA became effective in 1979.[1] The legislative intent behind AHCRA is set forth in § 22-21-291:
“It is the intent of the legislature to place the ultimate financial obligation for the medical treatment of indigents on the county in which the indigent resides, for all those costs not fully reimbursed by other governmental programs or third-party payers.”
The financial responsibility for out-of-eounty indigent patients is set forth in § 22-21-293, which provides, in pertinent part:
“Ultimate financial responsibility for treatment received at a regional referral hospital by a certified indigent patient, who is a resident of the state of Alabama but is not a resident of the county in which the regional referral hospital is located, shall be the obligation of the county of which the certified indigent patient is a resident. A county’s annual financial responsibility for each of its resident certified indigent patients receiving treatment at a regional referral hospital shall be limited to payment for 30 days or the number of days of services allowed per annum for the care of medicaid patients through the state medicaid program at the time of the patient’s hospitalization, whichever shall be less, at the per diem reimbursement rate currently in effect for the regional referral hospital.... No county shall be required to pay for services at a regional referral hospital when such services are available at a local hospital in the county where the indigent resides, except that the county where the indigent resides shall be liable for the cost of treatment provided to said certified indigent at a regional referral hospital for any emergency medical condition which will deteriorate from failure to provide such treatment and when such condition is determined by the attending physician to be of an emergency nature .... [N]o county shall be required to pay for services at a regional referral hospital for any patient until all third party payors have paid all they are obligated to pay under any contract of insurance or otherwise.”
Under § 22-21-294, the Department of Human Resources (formerly known as the Department of Pensions and Security) has the duty of adopting rules that provide a statewide eligibility standard for certifying residents of each county as indigent for the purposes of this article:
“These rules shall further provide that certification as indigent for purposes of this article may occur either prior to a person’s admission to a regional referral hospital, or subsequent to such admission for an emergency condition, but in any event if a determination of whether a patient meets or does not meet eligibility standards for certification as indigent for the purpose of this article is not made within 90 days following written notification by the regional referral hospital to the county of residence of the patient’s admission to a regional referral hospital, the patient shall be considered to have been a certified indigent patient upon admission. A patient certified as indigent for the purpose of this article subsequent *395 to his or her admission to a regional referral hospital shall be considered to have been certified upon admission....”
On September 22, 1989, Decatur General Hospital sued Lawrence County, seeking payment under AHCRA for maternity care services the hospital had provided to 47 patients it alleged to be indigent.[2] After a nonjury trial, the judge entered a judgment for the hospital, his order stating in pertinent part: ,
“This case was before the court for trial on September 14, 1994. All parties and their attorneys were present. Testimony and evidence were taken. The case was argued and submitted.
“The plaintiff [Decatur General] claims that certain indigent residents of Lawrence County were treated at the Decatur General Hospital on an emergency basis, that Lawrence County was given written notification of such treatment by the plaintiff pursuant to Section 22-21-294 for its determination of whether the patients did or did not meet the eligibility standard for certification as indigents, that Lawrence County failed and refused to make such determination, and that the defendant is liable for the treatment of such Lawrence County residents.
“The Court finds from the evidence that after written notification by the plaintiff was made to the defendant, the defendant did not make any effort to determine whether or not each patient was eligible for certification as an indigent. The court finds that more than ninety (90) days have elapsed since the written notification by the plaintiff to the defendant, and in accordance with Section 22-21-291 each patient is considered by law to have been certified indigent by such lapse of time and at the end of ninety (90) days after notification was given. The court further finds that there is evidence that each admission to the plaintiff hospital was for an emergency condition; there is no evidence to the contrary.
“The court finds that the defendant is obligated to pay to the plaintiff the sum of $58,354.56 (FIFTY THREE THOUSAND THREE HUNDRED FIFTY FOUR DOLLARS and 56/100) plus interest at the legal rate from ninety (90) days after notification of treatment was given to the defendant to the date of satisfaction of this judgment.”
Lawrence County appeals from that judgment patients.
We first note that this ease was tried by the Morgan County Circuit Court without a jury and on ore tenus evidence. The judgment of a trial court based on findings of fact drawn from ore tenus evidence is presumed correct and “will not be disturbed on appeal unless [the findings] are palpably wrong, manifestly unjust, or without supporting evidence.” McCoy v. McCoy, 549 So.2d 53, 57 (Ala.1989); McCrary v. Butler, 540 So.2d 736 (Ala.1989); Jones v. Jones, 470 So.2d 1207 (Ala.1985); Clark v. Albertville Nursing Home, Inc., 545 So.2d 9, 12-13 (Ala.1989).
After carefully studying the record, we conclude that the trial court did not err in holding that Lawrence County owes Decatur General Hospital for its treatment provided to those patients as to whom Decatur General’s claims are not time-barred under our statutes. First, Decatur General meets the definition of “a regional referral hospital,” as stated in Ala.Code 1975, § 22-21-293, part of ACHRA. Second, the trial court had before it the testimony of Dr. G.W. Manifold, who stated that the treatment of the Lawrence County residents was of an emergency nature; Lawrence County offered no evidence to the contrary. Third, the record reflects that Decatur General provided written notification to Lawrence County, as is required by § 22-21-294, Ala.Code 1975, but that as to each patient Lawrence County failed to determine whether the patient met the AH-CRA eligibility standards for certification as indigent. Therefore, pursuant to § 22-21-294, because as to each of these patients such certification was not made within 90 days following written notification by the regional *396 referral hospital to the county of the patient’s residence that the patient had been admitted to a regional referral hospital, the patient shall be considered to have been a certified indigent patient upon admission.
However, the record also reflects that some of Decatur General’s claims are time-barred because as to some of the patients the hospital failed to file its claims against the County within 12 months of the patients’ discharge dates. The statutory requirements regarding claims against counties are set forth in §§ 6-5-20, 11-12-5, 11-12-6, and 11-12-8, Ala.Code 1975. Section 11-12-8 provides:
“All claims against counties must be presented for allowance within 12 months after the time they accrue or become payable or the same are barred....”
In Health Care Authority v. Madison County, 601 So.2d 459 (Ala.1992), Huntsville Hospital had failed to present individual patient bills to Madison County until more than a year after the patient had been discharged. This Court interpreted sections §§ 6-5-20, 11-12-5, 11-12-6, and 11-12-8, which control claims against counties, to “require presentment of an itemized, verified claim to the county commission within 12 months of the accrual of the claim, and action on the claim within 90 days.” 601 So.2d at 462. This Court ruled in that case that because the hospital had failed to comply with the statutory requirements regarding claims against the county, the trial court had properly denied the hospital’s claims as untimely. 601 So.2d at 462. It is settled law that a plaintiff may not sue a county on a claim that was not presented to the county within 12 months of its accrual. Groeschner v. Mobile County, 512 So.2d 70 (Ala.1987); Marshall County v. Uptain, 409 So.2d 423 (Ala.1982); Cook v. County of St. Clair, 384 So.2d 1 (Ala.1980). According to the County, the hospital failed to submit an itemized statement as to at least 23 of these patients within 12 months of the time that most of the services were rendered or from the date of discharge.[3]
As to the question of prejudgment interest, the trial court ordered the county to pay Decatur General prejudgment interest for the period beginning 90 days after notification of treatment was given to the County. The Court of Civil Appeals has held that an action brought under AHCRA is in the nature of an action on a contract implied by law. Tuscaloosa County v. Children’s Hospital, Inc., 486 So.2d 1302, 1303 (Ala.Civ.App.1986). Section 8-8-8, Ala.Code 1975, provides:
“All contracts, express or implied, for the payment of money, or other thing, or for the performance of any act or duty bear interest from the day such money, or thing, estimating it at its money value, should have been paid, or such act, estimating the compensation therefor in money, performed.”
This statute has been interpreted by this Court to mean that “ ‘in contract cases, where an amount is certain or can be made certain as to damages at the time of breach, the amount may be increased by the addition of legal interest from that time until recovery.’ ” (Citations omitted.) Health Care Authority v. Madison County, supra, 601 So.2d at 462-63, quoting Miller & Co. v. McCown, 531 So.2d 888, 889 (Ala.1988).
As to each patient, the sum became certain after the expiration of 90 days without a determination of indigency being made by the County, and the sum bears interest from that date. Pursuant to § 22-21-294, these maternity patients became certified as indigent from the time of their admission to the hospital, because the County failed to make a determination as to their eligibility for AH-CRA benefits within the 90-day period as specified in § 22-21-293.
The County contends that prejudgment interest was denied in Health Care Authority v. Madison County, supra, and thus is due to be denied in this case. However, in that case the amount payable to Huntsville Hospital was disputed and was not a sum certain until the final judgment was rendered. 601 So.2d at 463.
*397 For the reasons stated above, we hold that Lawrence County is responsible for those emergency-related claims that are not time-barred. We reverse the judgment and remand this cause for the trial court to determine which claims are time-barred and which are not. On those emergency-related claims that are not time- barred, the trial court properly awarded prejudgment interest from the day the amount owed to Decatur General became fixed.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, SHORES, HOUSTON, KENNEDY, INGRAM, COOK, and BUTTS, JJ., concur.

. AHCRA is codified at Ala.Code 1975, §§ 22-21-290 to-297.

. The hospital's complaint included 48 counts for payment due with respect to indigent services it had rendered. The hospital claimed the costs of indigent services with respect to its treatment of one patient on two separate occasions.

. The hospital apparently admitted that it was unaware of the necessity of filing itemized claims with the County.