THOMAS, Judge.
In January 2010, Lee A. McWilliams Construction, Inc. ("the company"), began renovation work on a house owned by Angel Ballard. Ballard and the company had agreed, per the estimate provided to Ballard, that she would pay for the costs of materials plus 18%; the parties had no written contract. Although Ballard had paid the first three invoices provided to her, she did not pay the entire amount owed according to the May 2010 invoice, which totaled $42,947.33. Ballard made partial payments over the next few years.
In July 2015, Lee A. McWilliams, the principal owner of the company, sued Ballard in the Baldwin Circuit Court ("the trial court"), seeking $27,612.52 in damages based on several legal theories, including breach of contract, work and labor done, and account stated. In the complaint, McWilliams requested prejudgment interest from July 1, 2010. Ballard answered, generally denying the allegations of the complaint and asserting numerous affirmative defenses. McWilliams later amended the complaint to seek recovery of $26,953.75 based on what he described as a personal guarantee executed by Ballard. Ballard, in her answer to the amended complaint, asserted counterclaims alleging breach of implied warranty and fraudulent representation. Ballard also moved for a summary judgment based, in part, on the fact that McWilliams was not the proper plaintiff. McWilliams amended the complaint to add the company as a plaintiff.
The company also moved for a summary judgment. The parties agreed to a judgment in favor of Ballard and against McWilliams, individually, on the claims in the complaint. The trial court entered a summary judgment in favor of Ballard on the company's account-stated claim and in favor of the company on Ballard's breach-of-implied-warranty counterclaim.
After a trial held on August 29, 2016, and October 24, 2016, the trial court entered, on October 26, 2016, a judgment in favor of the company for $25,953.75. The company filed a timely postjudgment motion on November 22, 2016, in which it argued that it was entitled to prejudgment interest. The trial court failed to rule on the motion within 90 days, and it was deemed denied on February 21, 2017. See Rule 59.1, Ala. R. Civ. P. (providing that a postjudgment motion will be denied by operation of law on the 90th day after its filing if not ruled upon before that date).[1]
*338 Ballard timely appealed the judgment on March 23, 2017; her appeal was assigned appeal number 2160469. The company filed its cross-appeal on March 30, 2017; its appeal was assigned appeal number 2160509. We transferred the appeals to our supreme court, which transferred the appeals back to this court, pursuant to Ala. Code 1975, § 12-2-7(6).
Ballard's Appeal
On appeal, Ballard argues that the trial court erred in awarding the company damages when, she says, those same damages were recovered in an "Emergency Advance Payment" of $75,000 from the BP/Gulf Coast Claims Facility, which handled claims made against British Petroleum stemming from the 2010 Deepwater Horizon oil spill. Ballard argued in the trial court that the company had received the $75,000 payment, in part, as compensation for her failure to pay the balance of the costs of the renovation. Her argument on appeal challenges the sufficiency of the evidence supporting the trial court's judgment in favor of the company. However, the trial court's judgment contains no findings of fact. Therefore, in order for Ballard to have preserved a challenge to the sufficiency of the evidence on appeal, she was required to have filed a postjudgment motion raising that issue. See, New Props., L.L.C. v. Stewart, 905 So.2d 797, 801-02 (Ala. 2004) (explaining that, "in a nonjury case in which the trial court makes no specific findings of fact, a party must move for a new trial or otherwise properly raise before the trial court the question relating to the sufficiency or weight of the evidence in order to preserve that question for appellate review"). Ballard's failure to file a postjudgment motion precludes our consideration of this issue, see Boyington v. Bryan, 174 So.3d 347, 359 (Ala. Civ. App. 2014), and the judgment, insofar as the award of damages to the company is challenged by Ballard in appeal number 2160469, is affirmed.
The Company's Cross-Appeal
The company's cross-appeal concerns the trial court's failure to award prejudgment interest on the damages award, which it contends is due under Ala. Code 1975, § 8-8-8. As noted above, the company sought prejudgment interest from July 1, 2010, on the amount due under the parties' oral contract, and the company filed a postjudgment motion raising the failure of the trial court to award prejudgment interest. Section 8-8-8 provides:
"All contracts, express or implied, for the payment of money, or other thing, or for the performance of any act or duty bear interest from the day such money, or thing, estimating it at its money value, should have been paid, or such act, estimating the compensation therefor in money, performed."
We note that "the trial court's interpretation and application of ... § 8-8-8... is a question of law, and, as such, on appeal is not entitled to any presumption of correctness." Miller & Co. v. McCown, 531 So.2d 888, 889 (Ala. 1988).
We discussed the application of § 8-8-8 in Boyington:
"Our supreme court has explained that " '[t]his statute has been interpreted to mean that "in contract cases, where an amount is certain or can be made certain as to damages at the time of breach, the amount may be increased by the addition of legal interest from that time until *339 recovery." C. Gamble, Alabama Law of Damages, § 8-3 (2d. ed. 1988); citing Tennessee Coal, Iron & R. Co. v. Jourdan, 221 Ala. 106, 128 So. 132 (1930) ; Jefferson County v. City of Birmingham, 235 Ala. 199, 178 So. 226 (1938) ; Roe v. Baggett Transportation Co., 326 F.2d 298 (5th Cir. 1963) ; and Belcher v. Birmingham Trust Nat'l Bank, 488 F.2d 474 (5th Cir. 1973).' "
Boyington, 174 So.3d at 362 (quoting McCown, 531 So.2d at 889 ).
Ballard argues that, because the damages that the company had requested changed during the litigation as a result of the discovery of certain mathematical errors and other mistakes on the invoices and because she contested certain charges on the invoices, the damages due the company were not "certain or ... capable of being made certain" at the time of the breach. Wood v. Central Bank of the South, 435 So.2d 1287, 1291 (Ala. Civ. App. 1982). Indeed, the law requires that prejudgment interest be applied to those damages that are capable of being ascertained with "ease and certainty" or by "a simple mathematical computation." Lapeyrouse Grain Corp. v. Tallant, 439 So.2d 105, 112 (Ala. 1983) ; see also Jernigan v. Happoldt, 978 So.2d 764, 767 (Ala. Civ. App. 2007) (awarding prejudgment interest on a judgment in favor of a contractor on his breach-of-contract claim for work performed and materials supplied to homeowners with whom he had a contract). However, Ballard misunderstands what is meant by "certainty."
The fact that the parties disagree regarding the amount of damages actually due under the contract does not make those damages incapable of being ascertained for purposes of awarding prejudgment interest. See Maddox v. Alfa Mut. Ins. Co., 577 So.2d 457 (Ala. 1991), and McCown, 531 So.2d at 889-90. In both Maddox and McCown, the parties disputed the exact amount of damages due the plaintiff. However, because the contract in each case was clear regarding the measure of damages to be awarded upon breach, our supreme court determined that prejudgment interest was due in each case.
In McCown, the contract between a timber cutter and landowners for the cutting of timber set out the damages to be assessed against the timber cutter for cutting unmarked pine or hardwood trees and prohibited the cutting of timber within 150 feet of a riverbank. McCown, 531 So.2d at 888-89. The parties had submitted to a special master different assessments of the number of unmarked trees that had been cut, and, thus, their estimations of the damages due under the contract differed. Id. at 889. The timber cutter argued that the trial court had improperly awarded the landowners prejudgment interest because, he contended, the amount due the landowners was disputed and, therefore, not certain. Id. Our supreme court disagreed, explaining that,
"[o]nce the [special] master reached the factual conclusion from the evidence as to the volume of unmarked and unauthorized trees cut, the loss to the landowners could be fixed by a simple mathematical computation by reference to the liquidated damages provisions of the contract. See Lapeyrouse Grain Corp. v. Tallant, 439 So.2d 105 (Ala. 1983). Therefore, the amount of damages could be made certain at the time of breach."
Id. at 889-90.
Similarly, in Maddox, our supreme court reversed a circuit court's judgment assessing damages to be paid by Alfa Mutual Insurance Company for breach of an insurance contract based on the circuit court's failure to assess prejudgment interest. Maddox, 577 So.2d at 457. The parties agreed that prejudgment interest should be assessed. Id. Our supreme court noted *340 that "[t]he only disputed issue at the trial was the amount of damages, if any, to which the insured was entitled. Once that was established, Ala. Code 1975, § 8-8-8, provided for prejudgment interest on that amount." Id. at 458.
Thus, we agree with the company that, although certain adjustments in the amount it claimed were made after completion of the discovery process, the damages in the present case were capable of being reasonably ascertained at the time of the breach by mathematical computation (a tabulation of the outstanding costs of the project plus 18%). The trial court therefore erred in failing to award prejudgment interest in accordance with § 8-8-8. The judgment is reversed, and we remand the cause to the trial court for the entry of a judgment awarding prejudgment interest.
Conclusion
Because Ballard failed to preserve her challenge to the sufficiency of the evidence supporting the trial court's judgment, we affirm the trial court's judgment, insofar as it awarded damages to the company, in appeal number 2160469. However, in appeal number 2160509, the trial court erred in failing to award the company prejudgment interest. Therefore, in appeal number 2160509, the judgment of the trial court, insofar as it failed to award prejudgment interest, is reversed, and the cause is remanded to the trial court for the entry of a judgment awarding prejudgment interest in compliance with § 8-8-8.
2160469-AFFIRMED.
2160509-REVERSED AND REMANDED WITH INSTRUCTIONS.
Thompson, P.J., and Pittman, Moore, and Donaldson, JJ., concur.

The 90th day after November 22, 2016, was February 20, 2017, which was a holiday. Thus, pursuant to Rule 6(a), Ala. R. Civ. P., the period for the trial court to rule on the postjudgment motion expired the following day. See Williamson v. Fourth Ave. Supermarket, Inc., 12 So.3d 1200, 1203-04 (Ala. 2009).